(The above head notes belong on page 346.)

------

SEYMOUR, JOHNSON & COMPANY, plaintiffs in error, *vs.*
    JAMES M. COBB, defendant in error.

A suit was instituted by the plaintiffs against the defendants, on an
    account, alleging that the defendants were partners, and in the progress
    of the trial evidence was introduced for and against the existence of
    the partnership without objection, and on the argument of the case
    before the jury, the point was made that no plea had been filed denying
    the partnership; whereupon the Court allowed the defendant, at that
    stage of the case, to file his plea under oath, denying the partnership.
    The counsel for plaintiffs claimed a continuance of the case, on the
    ground of surprise, which was overruled by the Court.   The plaintiffs
    then offered to introduce witnesses, then in Court, to deny the truth of
    defendants plea and to prove the existence of the partnership as alleged

in their declaration, which the Court refused to allow them to do; whereupon the plaintiffs excepted, and also excepted to the admission in evidence of a written agreement to submit certain matters in controversy between the parties to arbitration:

*Held,* that the plaintiffs had the legal right to have requested the Court to charge the jury, that if the defendants were sued as partners, the partnership need not be proved, unless denied by the defendants, on oath, when no such plea denying the partnership on oath had been filed. When the Court allowed that plea to be filed by he defendant, it materially altered and changed the legal *status* of the case before the Court and jury, so far as the defendant's liability as partner was concerned, and if the plaintiffs were not, in the discretion of the Court, entitled to a continuance on the ground of surprise, they certainly were entitled to introduce evidence then in Court, to controvert the defendant's plea, which evidence was not necessary to be introduced to entitle the plaintiffs to recover against the alleged partnership, until the plea was allowed to be filed by the Court.

*Held,* further, that the written agreement to submit certain matters in controversy between the parties, without more, was irrelevant and improperly admitted as evidence to the jury.

Evidence. Pleading. Amendment. Continuance. Before Judge CLARK. Sumter Superior Court. April Term, 1871.

Seymour, Johnson & Company sued Seth K. Taylor & John M. Cobb, as partners under the firm name of John M. Cobb, upon an account for goods sold to them on the 22d of December, 1866. Taylor pleaded the general issue. At the trial Cobb testified that the account was just, and that he and Taylor were partners when the goods were bought, and that they were bought for the benefit of the firm. Taylor testified that he and Cobb never were partners, but that when Cobb closed business he let him (Taylor) take the goods then on hand, to pay what Cobb owed Taylor. In rebuttal, Cobb testified that these goods, on the 26th of December, were sold to Hooks & Rumph, by Taylor's direction, and that they gave Taylor their note therefor. In surrebuttal, Taylor offered in evidence a writing whereby, on the 1st of March, 1867, plaintiff and himself agreed to submit to certain arbitrators, whether Taylor should pay the account, or any part

Reid *vs.* Godwin.

thereof, with no offer to show that any proceedings were had under such agreement. The Court allowed the paper read in evidence, over plaintiff's objection. During the argument by Taylor's attorney, he moved to amend by pleading that there never was such a partnership as charged. This amendment was allowed to be made over plaintiff's objection. When this amendment was filed plaintiff's counsel moved to continue the cause, because he was surprised by the amendment and wished to get evidence to show that there was such a partnership. The Court refused the continuance. Plaintiff's counsel then proposed to introduce evidence to show that there was such a partnership, but the Court would not allow him to do so. The jury found for the defendant.

Plaintiffs say the Court erred in allowing said writing to be used as evidence; in allowing the plea amended; in refusing the continuance, and in refusing to allow them to introduce evidence after the plea was so amended.

N. A. SMITH, for plaintiff in error, said writing irrelevant : Code, section 3703. The plea was in abatement and came too late : Code, section 1888 ; 3 Bl. Com., 301 ; Code, section 3404. Continuance should have been allowed : Code, section 3470.

C. T. GOODE, for defendant.

WARNER, Judge.

On the statement of facts disclosed in the record, let the judgment of the Court below in this case be reversed.