JAMES M. COOK, plaintiff in error, vs. WILLIAM N. L. CROCK-
ER, defendant in error.

1. A vendee holding a bond for titles, but not entitled to possession of
   the land, on representing his inability to pay for the land, and asking
   for a rescision of the contract, was told by his vendor that on his pay-
   ing $400 00—which was a little over one-third of what was to become
   due in two days—he could have possession and "ample time to pay the
   balance." The payment was made, and the vendee went into posses-
   sion. Fifteen months afterwards suit was brought for the balance of
   the purchase money:
   *Held*, that the vendee could not defend on the ground that the action was
   a violation of an agreement for indulgence.

2. A vendee who has made a partial payment for land, and made im-
   provements on the same, cannot, on account thereof, set up a claim
   to a homestead in any part of the land, against a suit for the balance
   of the purchase money. Nor is the question affected by the fact that
   the land, with the improvements, has depreciated in value below the
   amount of such unpaid balance.

3. Where there can be no dispute as to the amount due, and the finding
   of the jury is for " the principal with interest and cost," it is not error
   for the court to permit the principal of the note sued on to be inserted
   in the verdict. Especially when it is done in the presence of the jury,
   and they, on being directed to retire and reconsider the case, do, after
   such reconsideration, return the verdict as amended.

Bond for titles. Contracts. Homestead. Verdict. Prac-
tice in the Superior Court. Before Judge KIDDOO. Sumter
Superior Court. October Adjourned Term, 1873.

Crocker brought complaint against Cook on two notes dated
October 31st, 1870, the first for the sum of $1,000 00, paya-
ble to the plaintiff, or bearer, by December 25th, next there-
after, with a credit thereon of $400 00, of date December 23d,
1870; the second for $1,100 00, payable by December 25th,
1871.

The defendant filed an equitable plea, setting up the fol-
lowing facts:

The notes sued on were given for lot of land two hundred
and three, in the twenty-sixth district of Sumter county, the
defendant receiving a bond conditioned to make titles on the
payment of the same. Shortly before the first note became

Cook *vs.* Crocker.

due, the defendant discovered that he would not be able to meet the same, and so informed the plaintiff, and requested him to rescind the contract. This the plaintiff refused, but promised that if the defendant would pay him $400 00 he might take possession of the land and "have ample time to make payment of the balance." He, at the same time, stated to the defendant not to be uneasy, but to go ahead and do the best he could. On the faith of these assurances the defendant paid the $400 00, took possession of the premises and proceeded to improve the same. He has paid taxes upon said property amounting to $40 00. The rent of the place, including the present year, was not worth exceeding $500 00, if that amount. He has made improvements thereon to the amount of $625 00. The price agreed upon at the time of the purchase was exorbitant. Owing to the depreciation of real estate and the scarcity of currency, said lot is not now worth exceeding $1,200 00. The property, if sold during the approaching spring or summer, would not bring even that amount. He has made all his business arrangements to plant said lot during the present year. It is the only source of revenue for himself and family. Has filed his petition for a homestead in the same, which is now pending. He, therefore, prays that the verdict of the jury be moulded so as to allow to him and his family the use of said premises during the present year; that the contract of sale be rescinded, and the evidences thereof canceled; that the plaintiff be decreed to return to the defendant the said $400 00, and such other amount as defendant may be entitled to for improvements; and that defendant deliver possession to the plaintiff at the end of the present year. Or that it be decreed that defendant's interest in the land be ascertained and allowed as a homestead for him and his family.

On demurrer, the aforesaid plea was stricken and defendant excepted.

The jury found for the plaintiff "principal, interest and costs." The court, over the objection of defendant, instructed counsel for plaintiff to insert in said verdict the amount of

the principal. This was accordingly done, and the jury instructed to retire to their room and ascertain if the amount interlined was correct. They returned into the court-room with the verdict as altered.

To this action on the part of the court defendant excepted.

Error is assigned upon each of the aforesaid grounds of excoption.

JOHN R. WORRILL; GUERRY & SON, for plaintiff in error.

B. P. HOLLIS, for defendant.

TRIPPE, Judge.

1. The vendee was not entitled to possession until he paid the vendor the sum of $1,000 00. The contract of purchase and sale was absolute. Notes for the purchase money were given, dated October 31st, 1870, and the first, for $1,000 00, was due December 25th, 1870. The purchaser had no legal right to demand a rescision of the trade, nor did he make any proposition to the plaintiff which he was bound to accept. Two days before the first note was due, the vendor told him he could go into possession then if he would pay $400 00, and should have ample time to pay the balance. The payment was made and possession delivered. Suit was brought on the note fifteen months afterwards. If giving possession and an indulgence of fifteen months on the balance of $600 00 due on the debt was not amply complying with the agreement, and a satisfaction for the payment of $400 00 two days before it was due, it would be hard to conceive what would be. Besides, it does not appear that the payment of the $400 00 *two days before it was due*, was made a consideration of the promise. The interview between the parties seems to have been at the instance of the purchaser, and from the terms of the plea it rather appears that instead of the two days being a part of the contract or in any way affecting it, the proposition was that if, instead of paying the $1,000 00, according to the terms of the note and bond, the debtor would pay

$400 00, he should have possession, and the indulgence promised was a gratuity. If the note had been due on the 23d of December—the day the $400 00 was paid—instead of the 25th, then there could have been no consideration for the promise. We do not construe the plea to say that the payment of the money in advance of its being due, was a part of the contract, but it resulted from the fact that the purchaser happened to have the interview on that day. What would have been the law of the case provided there had been a contract for indulgence for a valuable consideration, it is not necessary to say.

. 2. The whole land sold—especially if it be in one body and for a specific price, and bond for titles be given—is bound for the payment of the purchase money, and the purchaser, on account of a partial payment, has no, right to claim a homestead in the land to that extent, or in the proportion which the payment bears to the whole purchase money. Nor does the fact that the purchaser has made improvements on the land, and that it has depreciated in value below the amount of the unpaid balance, affect the question. The vendor does not warrant against depreciation. The purchaser risks that. If the land advances in value it is his gain, if it declines he suffers the loss.

3. There was no error in the court in permitting the verdict to be corrected or amended under the facts of the case: See *Jackson vs. Jackson*, 40 *Georgia*, 153, and *Doster & Turner vs. Brown & Warner*, decided at the present term.

Judgment affirmed.