HAPP BROTHERS CO. *v.* HUNTER MANUFACTURING &c. CO.

ATKINSON, J.   1. It appears from the copy of the contracts attached to the petition that they were signed by L. Miller as the salesman, and by Happ Brothers Company, who gave the orders. Both the plaintiff and the defendant were corporations, and the petition alleged that the contracts were signed by the lawfully authorized officers and agents of the respective parties. It therefore appears from the petition that the plaintiff, who was the seller, and the defendant, who was the buyer, signed the contracts. Consequently, under the allegations of the petition, the contracts did not fall within the statute of frauds, and they were not unilateral.

2. The allegations of the petition sufficiently explained the meaning of the contracts in order to allow such meaning to be proved by competent aliunde evidence. In this connection see *Borum* v. *Swift & Co.*, 125 *Ga.* 198 (53 S. E. 608).

    *Judgment affirmed. Beck, J., absent. The other Justices concur.*
                      AUGUST 17, 1911.

Complaint. Before Judge Felton. Bibb superior court. May 5, 1910.

The Hunter Manufacturing & Commission Company, a corpora-, tion of Greensboro, North Carolina, instituted suit against Happ Brothers Company, a corporation of Macon, Georgia, on two writings alleged to be contracts, and to have been entered into by the lawfully authorized officers and agents of the respective corporations, as follows:

"Hunter Manufacturing & Commission Co., Greensboro, N. C.
N. Y.                                   Macon, Ga., Aug. 13, 1907.
Salesman's No. 2153.                          Mill No. A-45.

Please enter our order for:
Cases            Terms: 2% 10-60 Ex.            6¼ Price.
25 Cases        Selwyn Ginghams.   Hapgrade Bands.

To be shipped in ½ case lots if so ordered, with an extra charge of 50 cts. per case. 6 sample cards soon as possible.

           Corrected order to take the place of order 2151.

Not subject to cancellation.

Ship: 10 Feb. 10 Mch. 7-5 Apr. 1908.          Hold at mill.

Freight allowed to : Macon, Ga.

No responsibility on your part after delivery to the railroad or steamboat company. This written memorandum comprises the whole of the contract, and no agreement or stipulation, either written or verbal, contradicting or adding to the same, has been made, except as it appears above.

Salesman :   L. Miller          .          Purchaser : Happ Bros. Co."

"Hunter Mfg. & Commission Co., Greensboro, N. C.

N. Y.                              Macon, Ga., Aug. 13, 1907.

Salesman's No. 2154          ·          Mill No. 170.

Please enter our order for :

Cases                  Terms 2% 10-60  Ex.          6-3/3  Price.

10                  Camperdown Ginghams.

To be shipped in ½ case lots if so ordered, with an extra charge of 50 cts. per case.

Not subject to cancellation.

Corrected order to take the place of order 2152.

Ship: 5 Mch. & Apr. 1908.          Hold at mill.

Frt. allowed to Macon, Ga.

No responsibility on your part after delivery to the railroad or steamboat company. This written· memorandum comprises the whole of the contract, and no agreement or stipulation, either written or verbal, contradicting or adding to the same, has been made, except as it appears above.   ·

Salesman :   L. Miller.          Purchaser :   Happ Bros. Co."

The petition contained two counts, in each of which the writings were interpreted, and their breach alleged. The only difference in the counts related to the measure of damages. In the first count it was alleged that the goods were manufactured and tendered to the defendant, and, upon its refusal to accept in terms of the alleged.contract, they were held by the plaintiff subject to the order of the defendant; and it was sought to recover the contract price. The same allegations relative to tender of the goods and breach were alleged in the second count; but there were further allegations stating a market price at the time and place specified in the alleged contract for delivery, which was less than the contract price, and it was sought to recover the difference between the two as damages.

In each of the counts it was alleged that before the time for de-' livery of any of the goods the defendant "wholly repudiated said contracts and notified plaintiff they would not accept and pay for". any of the goods. There was no express allegation that the plaintiff did anything in recognition of the contract prior to the time of the alleged repudiation; the only allegation bearing upon this point was contained in a paragraph of the first count, wherein it was alleged that plaintiff "furnished said sample cards according to said contract," one of the contracts requiring shipment of "6 sample cards soon as possible." With this exception nothing was alleged relative to any communication from the plaintiff to the defendant, pointing to a recognition of the contracts, until the time at which the goods were specified to be delivered, when tender was made.by the plaintiff, which, according to the allegations, was subsequent to the time of the repudiation by defendant. However, it was alleged that the goods were made to special order, and that they were manufactured by the plaintiff for the defendant in pursuance of the order; though there was no allegation that they were so manufactured before the repudiation. The defendant demurred to the petition, on the grounds: (a) That the petition stated no cause of action. (b) That the contracts were unilateral and without consideration. (c) That the contracts were for the sale of goods to the amount of $50 or more, and the pleadings showed affirmatively that the contracts were not in writing and were void under the statute of frauds. (d) That the petition did not set forth the proper measure of damages in either count. The judge overruled the demurrer, and the defendant excepted.

*Hardeman, Jones, Callaway & Johnston,* for plaintiff in error.
*John R. L. Smith,* contra.