## PHARES *v.* STOVER.

HOLDEN, J. The plaintiff in error brought suit against the defendant in error, for damages for the violation of a contract having, among others, substantially the following provisions: The plaintiff has appointed the defendant his exclusive agent or distributor for named States, to sell specified articles. The defendant agrees to make sales of them in these States during five years from the date of the contract, and to perform specified acts in making such sales. The plaintiff grants to the defendant the exclusive right to sell the articles in the States named, at specified prices; and defendant agrees to pay the plaintiff named prices for each of the articles. "All deliveries" of the articles to be made to the defendant, or his order, f. o. b. cars Lexington, Ky." The defendant agrees to accept and pay for a stated number of the articles each month, and his failure in any month to purchase as many as the specified number gives the plaintiff the option to terminate the contract upon ten days notice. All payments for the articles shipped to the defendant shall be made by him to the plaintiff at specified prices within twenty days from the date of shipment. The plaintiff agrees to furnish the defendant as many samples of the articles as he may desire for canvassing, at a specified price, with privilege of returning them under named conditions; and when thus returned, the plaintiff agrees to substitute new articles for the same purpose. The orders taken by the defendant from purchasers shall be on blanks furnished by the plaintiff, and orders given by the defendant to the plaintiff for shipment of articles for himself, or customers, shall be on blanks furnished by the plaintiff. The defendant shall have the right, in such States, to sell certain other articles at specified prices, on commission, and such sales shall be reported to the plaintiff "and same shall be filled with all reasonable diligence; all of said deliveries to be made f. o. b. cars, Lexington, Ky." The defendant agrees to solicit orders and procure sales of said articles only in the territory named. All orders secured by the plaintiff by mail in the States named shall be credited to the defendant as if he had made same. The contract was signed by both parties. *Held:*

1. The contract was not wanting in mutuality, and there was a consideration to support the promises made therein by each of the parties thereto. *Happ Bros. Co.* v. *Hunter Mfg. Co.*, 136 *Ga.* 671 (71 S. E. 1099).

2. The contract was not an assignment or transfer of the contract between the plaintiff and another party from whom he expected to secure the articles to be furnished by him to the defendant, though the two contracts were in many respects identical in their provisions.

3. The petition was not demurrable because the contract of the plaintiff with the party from whom he expected to secure the articles provided that such party should furnish the articles to the plaintiff for a less period of time than that provided for in the contract between the plaintiff and the defendant.

4. The petition was not subject to general demurrer, or to any of the grounds of special demurrer, after being amended.

    *Judgment reversed. Beck, J., absent. The other Justices concur.*

SEPTEMBER ·25, 1911.

Action for breach of contract.   Before Judge Bell.   Fulton superior court.   January 4, 1911.

*Anderson, Felder, Rountree & Wilson,* for plaintiff.

*James L. Key,* for defendant.