SMALL COMPANY *v.* LIBERTY MILLS.

FISH, C. J.   1. A contract for the sale of a given number of barrels of flour, to be shipped in the future on orders furnished by the buyer, stated that it was "subject to the terms and conditions printed on the back hereof, which are hereby agreed to," and among such terms and conditions were, that "failure to order flour out on demand of shipping instructions at expiration of the maximum ninety-day period, or to pay accrued carrying charges on demand, gives seller the right to cancel contract, or resell the goods for buyer's account," and failure of seller "to ship within the maximum ninety-day limit entitles the buyer to cancel the contract or buy a similar quantity and grade of goods for seller's account."   *Held,* that, upon failure of the buyer to comply with the contract in respect to the matter above indicated, the seller, without a resale, had the right at his option to sue for the difference between the contract price and the market value at the time and place of delivery (Civil Code, § 4131); the contract not expressly stipulating or necessarily implying that the remedies given therein to the seller were to be exclusive.   In this connection see *Leonard* v. *House,* 15 *Ga.* 473; *Seymour* v. *Cobb,* 43 *Ga.* 525; *Adams* v. *Haigler,* 123 *Ga.* 659 (51 S. E. 638).

(*a*) In a suit by the seller against the purchaser for a breach of contract of the character indicated by the preceding note, where the damages for his failure and refusal to order shipment of a given number of barrels of flour were laid as to the difference between the agreed price

and the market value at the time and place for delivery, the petition was not demurrable because it also alleged that the seller shipped to the buyer at the place of delivery, on a given date within the time in which the buyer was to order shipment of the same, a stated number of barrels of flour which he had refused to order shipped, which specified number of barrels the buyer declined to accept, and thereupon the seller sold the same in that market at the highest and best price obtainable, and that the difference between the price so obtained and the contract price was the same as what was alleged to be the difference between the contract price and the market value at the time and place of delivery of the flour which buyer had failed and refused to order shipped.

(b) Where the contract stipulated that the buyer was to order shipment of the flour within a specified time, and in an action by the seller against him for its breach the petition alleged that additional time was granted the buyer upon his requests, it will not be assumed that such requests were oral, and therefore ineffective to change or modify the written contract, which under the statute of frauds was required to be in writing. We do not mean to hold, however, that if the buyer by parol requests procured delay in the performance of the contract, he could take advantage of that fact, whether the agreement for delay amounted to a binding contract or not. See, in this connection, *Mendel* v. *Miller* 126 *Ga.* 834 (2), 837 (56 S. E. 88, 7 L. R. A. (N. S.) 1184); *Hardwood Lumber Co.* v. *Adam*, 134 *Ga.* 821 (68 S. E. 725, 32 L. R. A. (N. S.) 192).

2. The allegations of the petition as amended sufficiently explained the meaning of all the material portions of the contracts in order to allow such meaning to be proved by competent aliunde evidence; and the petition was not demurrable on the ground that the contracts were obnoxious to the statute of frauds. *Happ* v. *Hunter Co.*, 136 *Ga.* 671 (71 S. E. 1099).

3. The rulings above announced dispose of the controlling questions raised by demurrer to the petition. Other points presented by various grounds of demurrer were without merit, and it is not necessary to specifically deal with them.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
FEBRUARY 15, 1912.

Actión for breach of contract. Before Judge Felton. Bibb superior court. December 13, 1910.

*Robert P. Jones* and *Hardeman, Jones, Callaway & Johnston,* for plaintiff in error. *Harris & Harris,* contra.