## STUDDARD v. HAWKINS; and *vice versa*.

1. Questions of law decided by the Supreme Court in a case must, upon another hearing, be treated as settled as to that case. But if the judgment of this court is one of reversal, and upon another trial the facts are materially different from those on which the decision was based, the former ruling will not be conclusive of the case.

2. But rulings to the effect that a certain contract for the purchase of land, which was required by law to be in writing, and which has been construed by this court to provide for payment "presently," could not be altered by a parol contract, and that parol evidence was not admissible to show a valid agreement changing such written contract, do not prevent the party against whom such rulings were made from pleading by amendment that within the time for making payment for the land under the contract, under the former decision of this court, the vendee offered to do so, and the vendor by parol waived the making of payment at that time and induced the purchaser to delay such payment or a formal tender until a later day, that the purchaser acted on the faith of such conduct, and that the vendor was estopped from taking advantage of the delay so caused and from declaring that the original contract was not binding because of failure on the part of the purchaser to comply therewith.

3. The petition, as amended, was not subject to demurrer on the grounds that it set out no cause of action, and that it sought to change a written contract for the sale of land by parol agreement.

4. There was no error in allowing the amendment to the plaintiff's petition in which waiver and estoppel were set up.

APRIL 18, 1913.

Petition for specific performance. Before Judge J. B. Park. Morgan superior court. March 4, 1912.

Studdard filed his equitable petition against Hawkins, seeking to obtain a decree for specific performance of a contract, and for other relief. The memorandum of the contract was as follows:

"Rutledge, Ga., April 15, 1905. Received of John F. Studdard, twenty-five dollars, closing purchase of the Hanleiter place, containing 187.6 acres one tract and one 4 acres more or less, at $15.00 per acre.

C. M. x Hawkins.
his
mark

"Contract made and signed in presence of
"F. W. Oxford, N. P. & Ex. Off. J. P."

The case has been twice before the Supreme Court, and will be found reported in 132 *Ga.* 265 and 136 *Ga.* 727, on each occasion the judgment being reversed. When the case again came on for trial, counsel for the plaintiff offered the following amendment to the petition. "And now comes the petitioner, and strikes all

amendments of paragraph 5 of the petition, heretofore allowed, and in amendment of said paragraph alleges: On the afternoon said contract of sale was made, and presently thereafter, plaintiff, being ready and able to pay the balance of the purchase-money therein mentioned, in parol offered to the defendant to go to his bank near by, where the money was deposited, and pay the same. The defendant did not repudiate his obligation under said contract, but did waive the time of payment, and the essentiality of the time thereof, and in parol appointed a later date on which he would receive said payment. But for said waiver and appointment of a later day petitioner would then and there have tendered to defendant the balance of said purchase-money. Relying on said waiver and appointment, he waited until the appointed day and then formally tendered, as set out in par. 5, the sum there stated. Defendant had in the meanwhile received, by petitioner's consent, the rents on said land for 1905, which occurred since said sale and which belonged to petitioner, a sum of two hundred and fifty dollars, and the amount tendered was more than the full balance of purchase-money with interest thereon from the time it was due under said contract. To induce petitioner to delay formal tender as aforesaid, and then to insist that the delay forfeited petitioner's contract, would be for defendant to commit a fraud upon petitioner and his rights under said contract; and defendant is estopped to question the timeliness of said tender." This amendment was allowed over objection, but subject to demurrer. Defendant then demurred to the petition as amended, on the ground that it set out no cause of action, and did not allege facts sufficient to authorize a recovery. He especially demurred to the amendment, on the ground that it sought to add to or vary the written contract set out in the original petition. The presiding judge sustained the demurrer to the petition as amended, "as it set forth no cause of action, upon the decision of the Supreme Court in this case." The plaintiff excepted to the sustaining of the demurrer; and the defendant filed a cross-bill of exceptions, assigning error on the allowance of the amendment.

*Samuel H. Sibley,* for plaintiff.

*F. C. Fosler, E. H. George,* and *K. S. Anderson,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.) This case is an old acquaintance. It is before us for the third time. It

appeared for the first time in 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190), and for the second time in 136 *Ga.* 727 (71 S. E. 1112). When it was returned to the superior court the last time, the plaintiff amended by withdrawing certain previous amendments to the petition, and filing another. The presiding judge allowed this amendment over objection, and then dismissed the petition as amended, on demurrer on the ground that it set out no cause of action, under the former rulings of this court.

1. Points decided by the Supreme Court in a case must, upon another hearing, be treated as settled. *Willingham* v. *Sterling Cycle Works*, 113 *Ga.* 953 (39 S. E. 314). If, however, a reversal is granted by this court, and upon another trial the facts are materially different from those on which the first decision was based, the former ruling can not control the case, as it would not be applicable to new and different facts. *Allen* v. *Schweigert*, 113 *Ga.* 69 (38 S. E. 397). In *McWilliams* v. *Walthall*, 77 *Ga.* 7, it was held that a final judgment, affirmed by this court, concludes the parties, not only as to facts formerly pleaded, but also as to those which were then known or might have been known by the use of proper diligence. But this does not support the contention that a ruling that certain parol evidence was not admissible to vary a written contract is a conclusive adjudication that a plea of waiver or estoppel can not be filed, though it may involve some of the same facts.

2, 3. The case reported in 132 *Ga.* was brought up on a bill of exceptions complaining of the overruling of a motion for a new trial. An effort was made to review rulings of the presiding judge in overruling a demurrer to the petition and in allowing an amendment. But it was held that such rulings could not be made grounds of a motion for a new trial, and that grounds complaining of them could not be considered. So that no decision was made by this court as to whether the petition and the amendments made thereto were demurrable. It was held that the legal import of the written contract for the sale of the land, as to which specific performance was sought, was that the balance of the purchase-money should be paid "presently," and that evidence of a prior and contemporaneous parol agreement that such balance was to be paid at a subsequent definite time was not admissible to vary the legal

import of the writing that such payment was to be made "presently." It was also held, that, with such a written contract, "a mere parol agreement between the parties to the writing, made subsequently to its execution and delivery, fixing a subsequent time for the balance to be paid, was not admissible to illustrate the time within which the balance was to be paid;" and that a contract which must, under the statute of frauds, be in writing, and which accordingly is put in writing and duly executed, can not be subsequently modified by a parol agreement. Still further it was held that mere non-action does not constitute such performance of a contract as will take a parol contract out of the statute of frauds. From this synopsis it will be seen that no ruling was made on the sufficiency of the allegations, nor any reference made to waiver or estoppel. The case turned on the construction of the written contract, and the admissibility of evidence to vary it by a parol agreement or contract. The trial judge admitted evidence that, after the paper was signed, the parties agreed that the time of payment of the balance of the purchase-money was to be the first of the following December. In so ruling he stated that he admitted the evidence "as illustrating whether or not the tender made in December was made in a reasonable time." Under the construction placed by this court on the written contract, this was held to be error, and to this the statement as to "illustrating" the time of payment referred. Presumably no ruling was invoked on the subjects of waiver and estoppel. Certainly this court made none.

When the case was here the second time, the expression employed in the former decision that the written contract provided for payment "presently" was considered and held not to mean "within a reasonable time," but "immediately, now, at once." But in both decisions care was taken to state that the word "presently" or its synonyms should be given a reasonable and substantial construction, in view of the thing to be done, and not be considered as equivalent to instanter.

On the second trial, an amendment to the petition was allowed over objection on the ground that "it sought by parol to add to or vary the terms of the written contract." Error was assigned on such ruling. Chief Justice Fish so stated in the opinion, and held, that, as it did not appear that the transaction set forth was in parol, the court below did not err; adding: "This is on the theory

that the amendment sought to set out a written agreement between the parties, extending the time for the payment of the balance of the purchase-money." While some of the allegations in the former amendment were quite similar to those in the one now before us, it is evident that the amendment then considered was treated by counsel and the court as pleading a contract fixing a new time of payment; and no ruling was made on any question of waiver or of estoppel. The judgment was reversed on the evidence.

On the last trial the plaintiff offered an amendment striking all previous amendments to the fifth paragraph of the petition, and setting up, that, presently after the contract was made, he offered to pay the balance of the purchase-money, but the defendant waived the time of payment and appointed a later day therefor; that, in reliance on such waiver, the plaintiff did not at once make tender of the money, but delayed doing so until the time which the defendant appointed; that for the defendant to induce the plaintiff to delay making a formal tender until that time, and then insist that the delay forfeited the plaintiff's rights under the contract, would work a fraud on him; and that the defendant was estopped to question the timeliness of the tender. This plea does not set out or rely on any contract, written or in parol, as binding on the parties to vary the terms of the written instrument, but a delay in making payment or tender, induced by the vendor, whose conduct operated as a waiver or estoppel.

A new contract fixing a new date for performance and a waiver of performance at the time fixed in the original contract, and an estoppel which prevents the setting up of non-compliance within the time fixed, are not the same thing. In the case of a new contract or the modification of an existing one, both parties are bound by the terms of the new contract, and have a right to insist on the new date fixed therein for performance. In the case of a waiver the original contract remains; the purchase-money is due; the seller merely waives strict enforcement as to time, so as to prevent him from declaring a forfeiture on account of a past failure. Generally he may still demand and require compliance with the contract, upon reasonable notice. In the case of an estoppel in pais, by reason of his conduct or acts, he will not be allowed to claim that there has been a failure in compliance by the other party, so as to relieve him. Waiver and estoppel are often similar; but while the

words are frequently used as equivalent terms, they are not identical. Where the law requires a contract to be in writing, under the decisions of this court it can not be modified by a binding parol contract. But strict performance as to time may be waived by parol, at least if made before default, and relied on by the other party. 9 Cyc. 608; 36 Cyc. 699; 39 Cyc. 1341, 1349, 1350; 40 Cyc. 254 et seq. And this is true whether the payment is to be made "presently" or at a fixed date in the future.

When time is of the essence of the contract, if, after the time for performance is passed, by consent one of the parties complies with its terms, an equitable proceeding for specific performance will lie. *Moody* v. *Griffin*, 60 *Ga.* 459. And, though time for payment of the purchase-money may be of the essence of the contract, it has been held that it may be waived by conduct of the payee, such as suing for the purchase-money, instead of treating the contract as at an end. *Jordan* v. *Rhodes*, 24 *Ga.* 478; *Stewart* v. *Ellis*, 130 *Ga.* 685 (3), 688 (61 S. E. 597).

It is unnecessary in the present case to decide whether, after breach of a contract in which time is of its essence, an agreement to waive the breach, not supported by a consideration (in the broad sense of Civil Code § 4242), and not acted upon by the party committing the breach, where no change of situation has resulted, and where neither estoppel nor the doctrine of election of remedies is involved, will be binding. See, in this connection, *Alabama Construction Co.* v. *Continental Car and Equipment Co.*, 131 *Ga.* 365 (8), 370 (62 S. E. 160); *Hardwood Lumber Co.* v. *Adam & Steinbrugge*, 134 *Ga.* 821, 826 (68 S. E. 725, 32 L. R. A. (N. S.) 192); *Cook* v. *Crocker*, 53 *Ga.* 66; *Morgan* v. *Perkins*, 94 *Ga.* 353 (21 S. E. 574), where there was a parol extension of time for cutting timber, and the timber was in fact cut; 40 Cyc. 263 et seq., and citations.

In this case it was alleged that before the time for payment or tender under the contract had passed, the vendor induced the purchaser to delay making payment, and that, in reliance upon this, the latter made no tender. While the vendor continued to cause the purchaser to delay, he could not also take advantage of such delay. A party to a contract can not cause a breach or delay in compliance by the other, and then set up the breach or delay so caused as freeing him from the contract. *Hartford Fire Ins. Co.* v. *Amos,*

98 *Ga.* 533; *American Ins. Co.* v. *McVickers,* 135 *Ga.* 119 (68 S. E. 1026); *Small Co.* v. *Liberty Mills,* 137 *Ga.* 565 (1 *b*), 566 (73 S. E. 846); Underwood *v.* Farmers Joint Stock Ins. Co., 57 N. Y. 501; Insurance Co. *v.* Eggleston, 96 U. S. 572 (24 L. ed. 841); 39 Cyc. 1349; 16 Cyc. 805.

The case is now before us on the sustaining of a demurrer to the petition as amended. What the evidence may have shown on former trials can not be invoked on the consideration of this demurrer. The allegations of the petition must be assumed to be true for the purpose of the present hearing. We have endeavored to show that the former rulings of this court do not conclude the question now made. From what has been said it follows that the presiding judge erred in sustaining the demurrer.

4. It also follows that'there was no error in allowing the amendment, over objection on the ground that it sought to add to or vary the terms of the written contract sued on.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*