## 22719. PETHEL v. WATERS.

Argued November 9, 1964—Decided January 7, 1965—
Rehearing denied February 4, 1965.

*Stow & Andrews, Frank B. Stow, Robert E. Andrews,* for plaintiff in error.

*Kenyon, Kenyon & Gunter, E. D. Kenyon, A. R. Kenyon, Joseph H. Blackshear,* contra.

QUILLIAN, Justice. ■ The one general ground of the motion for new trial insisted upon here, that the verdict was not supported by evidence, and the motion for judgment notwithstanding the verdict, made upon the ground that a verdict in the defendant's favor was demanded, may be conveniently considered together.

The overruling of the general demurrer on the previous appearance of the case adjudicated the sufficiency of the petition to set forth a cause for the relief prayed. The petition did not allege that the purchase money for the farm described in the option contract was tendered before the expiration date of the contract, but that the defendant by his conduct, related in the petition, waived the tender of the purchase money before the expiration of the option and was estopped to deny the tender of the purchase money shortly after the expiration date was timely. The petition alleged the defendant, before the expiration of the lease-option contract, recognized the plaintiff had elected to exercise his option and purchase the farm on March 23, 1961; that the defendant agreed with the plaintiff, however, that the date of consummating the sale would be deferred until the lease expired at which time he would bring the plaintiff a deed to the farm in question and the plaintiff would then pay the purchase price for the farm.

This court held in *Pethel v. Waters,* 219 Ga. 376, 379, supra: "Pethel waived payment or tender of the purchase money before the option expired and since Waters allegedly made an actual unconditional tender of the purchase money, namely, $20,000 to Pethel during May 1961, it was then the duty of Pethel to accept it and convey the farm to Waters; and on his refusal to do so, Waters became entitled to specific performance of the contract or to a decree of title to the farm either on payment of the purchase money to Pethel or on payment of it into the registry of the court for his benefit." It was also held that the

allegations of the petition that the defendant prior to the expiration of the option agreed with the plaintiff that the sale would be completed by the delivery of the deed and the payment of the purchase money after the lease expired and "that Pethel knew Waters was making extensive permanent improvements on the farm which involved large expenditures of money during February and March immediately prior to the expiration date of the option and after Pethel had assured him that he would deliver to him a deed to the farm after the expiration date of the option and the purchase money could then be paid" were sufficient to show the defendant was estopped to insist that the tender of the purchase money within a short time after the expiration of the lease was not timely. *Studdard v. Hawkins,* 139 Ga. 743 (2) (78 SE 116).

The defendant's answer denied every material allegation of the petition except the execution of the contract and that its terms were "fair, reasonable, lawful and equitable."

Thus emerged as the only issues of the case the truth of the allegations of the petition in reference to waiver and estoppel on the part of the defendant to contend the tender of the purchase price of the farm during May 1961, was not timely and sufficient to consummate the contract of sale.

The plaintiff proved the case as laid in the petition; that is, he submitted sufficient competent evidence to prima facie prove every allegation therein essential to his right to prevail and have the relief prayed. The defendant proved the averments of the answer, except the denial that the plaintiff made the tender of the purchase money for the farm during May 1961, as alleged in the petition. The evidence in the case, while in conflict and sufficient to have supported a verdict in favor of either party, authorized the verdict returned by the jury. Hence, we hold there is no merit in the general grounds of the motion for new trial nor in the motion for judgment notwithstanding the verdict.

■ Ground 1 of the amended motion for new trial assigns as error the charge: "that in order for Henry L. Waters, Jr., to raise a binding promise on D. T. Pethel, Jr., to sell the property described in the contract, Henry L. Waters must have performed all of the obligations of the contract and must have elected to

purchase the farm on or before March 23, 1961, and must have complied with all of the terms of the contract, unless excused from doing so by some other law, about which the court will instruct you later."

We have carefully considered the cases cited by the defendant, plaintiff in error here, all holding: "where one holds an option to purchase property the optionee must communicate a notice to the optionor that he is exercising his right to purchase within the time specified in the option." *North Fulton Realty Co. v. Kane,* 105 Ga. App. 274, 277 (124 SE2d 405). See *Hughes v. Holliday,* 149 Ga. 147, 150 (99 SE 301); *Broadwell v. Smith,* 152 Ga. 161 (2) (108 SE 609). However, for two reasons we deem sound the ground is without merit.

First, we do not construe the charge to instruct the jury that the plaintiff's failure to elect to exercise the option before its expiration date could be excused, but only that "and must have complied with all of the terms of the contract," that is the plaintiff's failure to so comply, was subject to be excused for some sufficient legal reason.

Secondly, the exception taken to the charge is that it was incorrect as an abstract principle of law. None of the evidence or pleadings to illustrate the inaptness of the charge to the facts of the case was set out or referred to in the ground. Thus, the question presented by the ground is whether under any conceivable circumstances the charge that: "unless excused from doing so by some other law, about which the court will instruct you later" could be correct. *White v. State,* 141 Ga. 526 (1) (81 SE 440); *Harrison v. Lovett,* 198 Ga. 466, 474 (31 SE2d 799). Obviously such circumstances could exist, as in the case of the death of the optionor and expiration of the option before his legal representative be appointed or his heirs at law can be ascertained, or where for a period before and until after the option expires the optionor is not available so that the optionee can perfect his election to purchase by giving the optionor notice of such election or where by divers means the optionor might prevent the optionee from giving such notice. *Hartford Fire Ins. Co. v. Amos,* 98 Ga. 533 (25 SE 575); *American Ins. Co. v. McVickers,* 135 Ga. 118 (68 SE 1026); *Small Co. v. Liberty Mills,* 137 Ga. 565 (73 SE 846).

■ Special ground 2 of the motion for new trial complains that the court charged the jury concerning the principles of waiver, because the instructions were confusing and not adjusted to the pleadings and evidence. The pleadings and evidence necessary to illustrate the validity of the ground are not set forth or indicated as is necessary in perfecting a ground for new trial. Moreover, the controlling issue in the case presented by the pleadings and evidence involved the principles of waiver and estoppel. The ground does not show error.

■ Grounds 3 and 4 of the special grounds of the motion for new trial except to the refusal of the trial judge to give the following requests to charge: (3) "that where the owner of land upon a valuable consideration grants an option to another to buy the land within a stated time, time is of the essence of the contract; and in order to raise a binding promise on the part of the optionor to sell, the optionee must make an election and offer to perform within the time stipulated in the option contract. A subsequent agreement by the optionor to extend the time, whether made before or after the time limited for exercise of the original option, must be supported by a valuable consideration, as such agreement is in effect a new option." (4) "A subsequent agreement by D. T. Pethel, Jr., to extend the time of the option, as contended by the plaintiff, whether made before or after the time limited for the exercise of the original option, that is March 23, 1961, must be supported by a valuable consideration, as this agreement, if you find one to have been made, is in effect a new option."

The requested instructions are correct statements of law but are not applicable to the issues made by the pleadings and evidence. It is the rule that: "a subsequent agreement by the optionor to extend the time in which the optionee might purchase the property must be supported by a valuable consideration, since the extension would be in effect a new option." *Gulf Oil Corp. v. Willcoxon*, 211 Ga. 462, 466 (86 SE2d 507) ; *Broadwell v. Smith*, 152 Ga. 161 (2), supra. And it may be added that where a petition undertakes to set forth a cause upon a contract to extend the expiration date of an option the petition must show the contract possesses all of the requisites of a valid and enforceable contract.

However, the present suit is not brought to enforce such a contract or any contract. The plaintiff's cause as set out in the petition rests upon his right to exercise the option after its expiration date because by the defendant's conduct discussed in the first division of this opinion he waived and was estopped to contend the tender of the purchase money for the farm described in the option came too late when made within a reasonable time after the expiration of the option and that upon such tender being made the plaintiff was not entitled to have the sale of the farm consummated in conformity with the other terms of the option.

In the case of *Studdard v. Hawkins,* 139 Ga. 743, supra, the difference between a suit on a contract and one founded upon the waiver and estoppel of the defendant to deny the plaintiff's offer to consummate an option contract is made very clear. It is held in the *Studdard* case, at page 747: "On the last trial the plaintiff offered an amendment striking all previous amendments to the fifth paragraph of the petition, and setting up, that, presently after the contract was made, he offered to pay the balance of the purchase-money, but the defendant waived the time of payment and appointed a later day therefor; that, in reliance on such waiver, the plaintiff did not at once make tender of the money, but delayed doing so until the time which the defendant appointed; that for the defendant to induce the plaintiff to delay making a formal tender until that time, and then insist that the delay forfeited the plaintiff's rights under the contract, would work a fraud on him; and that the defendant was estopped to question the timeliness of the tender. This plea does not set out or rely on any contract, written or in parol, as binding on the parties to vary the terms of the written instrument, but a delay in making payment or tender, induced by the vendor, whose conduct operated as a waiver or estoppel.

"A new contract fixing a new date for performance and a waiver of performance at the time fixed in the original contract, and an estoppel which prevents the setting up of non-compliance within the time fixed, are not the same thing. In the case of a new contract or the modification of an existing one, both parties are bound by the terms of the new contract, and have a right

to insist on the new date fixed therein for performance. In the case of a waiver the original contract remains; the purchase-money is due; the seller merely waives strict enforcement as to time, so as to prevent him from declaring a forfeiture on account of a past failure. Generally he may still demand and require compliance with the contract, upon reasonable notice. In the case of an estoppel in pais by reason of his conduct or acts, he will not be allowed to claim that there has been a failure in compliance by the other party, so as to relieve him. Waiver and estoppel are often similar; but while the words are frequently used as equivalent terms, they are not identical."

It will be observed that here, as in the *Studdard* case, the agreement of the optionor to extend the expiration date of the option, not in writing and without consideration, was not an enforceable contract. But where, as here and in the *Studdard* case, a party by making an invalid agreement or promise induces another to forego a valuable legal right, he waives and is estopped to deny the right of the promisee to have the agreement carried out or the promise fulfilled.

■ Special ground 5 of the amended motion for new trial complains that the trial judge excluded a transcript of some of the plaintiff's testimony recorded on interlocutory hearing of the case. The evidence was offered by the defendant for the purpose of impeachment of the plaintiff on the ground that his testimony given on the former hearing was contrary to his testimony on the trial then in progress. The trial judge inquired of counsel for the defendant if the plaintiff had not admitted under oath on the latter trial that he testified on the former hearing to the facts shown by the transcript. To this inquiry, counsel gave affirmative answer. Whereupon, the trial judge ruled that since the plaintiff admitted he had sworn to the facts shown in the transcript offered in evidence the document was not admissible.

There is a dearth of precedent on this particular point. See in this connection *Molyneaux v. Collier*, 30 Ga. 731; *Estill v. Citizens & Southern Bank*, 153 Ga. 618 (113 SE 552); *Manley v. Combs*, 197 Ga. 768 (30 SE2d 485). However, the general rule is as held in Briggs v. Chicago Great Western R. Co., 248

Minn. 418 (80 NW2d 625): where, upon cross-examination of a medical witness, he admitted that in a written report previously made to former counsel for one of the parties he had made certain statements which were inconsistent with his present testimony, after such admission, the trial court properly excluded the written report from the evidence, since once a witness has unequivocally admitted having previously made inconsistent statements in a written report, the written report becomes inadmissible, as proof of the inconsistency is no longer necessary or material. As succinctly stated in 58 Am. Jur. 430, Witnesses, § 780: "If he admits that he made the statements in question, there is no necessity for proving them and they are not admissible in evidence." The *Manley* case, 197 Ga. 768, supra, impliedly recognized the general rule although the holding allowed the introduction of the documentary evidence under the exception "where the document contains other statements whose falsity is not admitted."

Thus, although the point is a close one, it appears that where the witness is read a transcript of his testimony given on a previous hearing and admits he testified as shown by the documents, it may be excluded when offered in evidence.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*