*Goldstein, Assistant Attorney General,* for appellee.

## 56508. KILLINGSWORTH v. FRENCH & WHITTEN REALTORS.

DEEN, Presiding Judge.

The defendant appellant executed a document with the plaintiff real estate brokerage firm titled "Exclusive Right to Sell Contract" giving them the exclusive power for a stipulated time "to sell at a price of $25,000 or lesser [figure] acceptable to owner the real property listed above," which property was at a stated address, titled the Merle Norman Cosmetics Studio, and included inter alia a business franchise from a California corporation, inventory, and assignment of the remainder of a lease with a shopping center for the premises occupied and good-will of the cosmetic business involved. The defendant was aware when she signed the contract that it included the specification of a $25,000 price and a $2,500 brokerage fee. Thereafter the property was sold, the plaintiff rendering some at least of the services connected with the sale. The seller refused to pay the fee contracted for. A trial resulted in a verdict for the plaintiff brokers, and the defendant appeals.

1. The three enumerations of error are but amplifications of the general grounds. It is not seriously contended but that the exclusive listing would normally entitle the realtors to the commissions stated. The sole defense urged is that under Code § 84-1404 no person may bring a court action "for the performance of any of the acts mentioned in this Chapter without alleging and proving that he was a duly licensed real estate broker," and under Code § 84-1401 the acts listed as those to be performed by a licensed broker all refer to the sale of real estate; but (the appellant contends) the transaction in question was the mere sale of a "business opportunity" for which it should not be entitled to recover a commission. It is pointed out that while under Code § 84-1401 (a) real estate includes "leaseholds as well as any other interest or estate in land, whether corporeal, incorporeal, freehold or non-freehold,"

the definition of real estate in the licensing Code Ch. 84-14 formerly included the term "business opportunity" which was stricken by Ga. L. 1974, p. 379. From this it is argued that it is illegal for a licensed real estate broker to charge for any services which are *not* included in Code § 84-1401 (a) for which reason it can not recover in this case, because, it is contended, this is a sale of a "business opportunity."

The plaintiff was a duly licensed brokerage firm. We are not at all convinced that from the wording of the above statutes, which require a state license before a firm can engage in the selling of real estate including leaseholds, it may be argued that any charge for services *other than* the sale of real estate is necessarily illegal. Conceding without deciding that this may be true, a decision here must be predicated on other grounds. It is admitted that under the definition the term real estate includes a leasehold. There is in the record oral testimony, no objection to which has been preserved, that a lease in fact existed and was transferred to the purchasers who paid the $25,000 asking price. It is true that the term of this lease or rental agreement is not stated, but this does not concern us. The definitions of real estate, and of estates for years, as opposed to usufructs, do not concern us either. We must take the definition of real estate as it is set out in Code § 84-1401 (a), not as it has been construed under Code § 85-801. As a matter of fact, the term "real estate" is by no means sacrosanct. At common law it did not include anything short of a freehold estate. *Wright v. Central of Ga. R. Co.,* 146 Ga. 406, 409 (91 SE 471) (1917), revd. on other grounds, 248 U. S. 525. On the other hand, at common law, an estate for years included the right of occupancy of the land of another for no matter how limited a period, whereas the rule in this state now is that a lease of under five years will be presumed not to convey an estate for years unless a contrary intent appears. *Warehouses, Inc. v. Wetherbee,* 203 Ga. 483 (46 SE2d 894) (1948). But all leaseholds will be presumed to be "real estate" under the definition of the subject matter which real estate brokers must be licensed in order to sell. We do know that the assignment of a lease for *some* period of time is involved here.

Furthermore, the intent of the parties to consider the subject matter of the exclusive listing agreement as real estate, and to charge accordingly upon its sale during the life of the brokerage contract clearly appears. The store is referred to as "the real property listed above." The paper further stated "Realty fee 10%" and stated the sale price at $25,000. There is no doubt but that the intent of the parties to this litigation was to treat the subject matter of the listing as real estate. There is no reason why they may not agree to do so. We might also point out in passing that, while there is testimony that a lease and a lease assignment to the buyer exist, there is no testimony as to its length, or of any contract provision that it be treated as a lease of personal property only, or itself considered as personal property. Thus there is no firm evidence that the lease was *not* considered "real estate" within the definition, and there is testimony that it *was* so denominated in the listing contract. Furthermore, in *Pethel v. Waters,* 220 Ga. 543, 552 (140 SE2d 252) (1965) it was held that "where, as here . . . a party by making an invalid agreement or promise induces another to forgo a valuable legal right, he waives and is estopped to deny the right of the promisee to have the agreement carried out or the promise fulfilled." As to any subject matter not prohibited by law, where the agreement, although invalid, is fully executed, as between the parties the defendant is estopped to contend that its subject matter could not support the agreement made. We do not find this agreement invalid for any reason urged, but if it were, after full execution the defendant would be estopped to so contend.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 13, 1978 — DECIDED OCTOBER 23, 1978 — REHEARING DENIED NOVEMBER 7, 1978 —

*Charles A. Gower,* for appellant.

*Sprouse, Tucker & Ford, William L. Tucker,* for appellee.