## 60724. FIRST NATIONAL BANK OF COLUMBUS v. PEPSI-COLA BOTTLING COMPANY OF DOTHAN, ALABAMA, INC.

SOGNIER, Judge.

Plaintiff-appellee, Pepsi-Cola Bottling Company of Dothan, Alabama, Inc. (hereafter Pepsi-Dothan) and defendant-appellant, The First National Bank of Columbus, Columbus, Georgia (hereafter FNBC) were creditors of the Pepsi-Cola Distributing Company of

Columbus, Inc. (hereafter Pepsi-Columbus). Pepsi-Dothan was a supplier of canned and bottled drinks to Pepsi-Columbus and FNBC was the depository bank for Pepsi-Columbus' accounts. Pepsi-Columbus was in what one party characterized as "financial difficulty," and another party described as a "state of financial ruin . . . about to collapse." A meeting between the parties to this suit and the City National Bank of Dothan, Alabama was held on December 4, 1974. The meeting was held to discuss options for keeping Pepsi-Columbus in operation. At least three possibilities were discussed, viz., to consider the possibility of the bank lending Pepsi-Columbus money, to consider delaying presentment of the checks to the payee bank until after sale of the product and to discuss paying the checks when tendered. For some time prior to the meeting, Pepsi-Dothan had required Pepsi-Columbus to pay for the canned and bottled drinks with a cashier's check or other certified funds at the time of delivery, because of Pepsi-Columbus' outstanding debt to Pepsi-Dothan.

At the meeting FNBC and Pepsi-Dothan made an oral arrangement designed to keep Pepsi-Columbus in operation to the benefit of its creditors, including FNBC and Pepsi-Dothan.

There was evidence from which the jury could conclude that under the arrangement, Pepsi-Dothan would continue to supply Pepsi-Columbus, but would no longer require a cash payment upon delivery or require a surcharge paid previously on each delivery to satisfy a pre-existing debt. Proceeds from the sale of the delivered product would be deposited in Pepsi-Columbus' account with FNBC and FNBC would honor the checks "if the money was there." On two occasions, December 6th and 10th, 1974, Pepsi-Dothan made delivery of product and raw material to Pepsi-Columbus and received checks drawn on FNBC. These two checks were dishonored because FNBC had, under its right of setoff, applied funds out of Pepsi-Columbus' account to pay debts owed FNBC by Pepsi-Columbus, leaving insufficient funds remaining to honor the checks. Pepsi-Dothan sued FNBC to recover on the two dishonored checks. The jury rendered judgment in favor of Pepsi-Dothan in the amount of the dishonored checks, plus interest from the date of dishonor.

FNBC, by motion for directed verdict, challenged the sufficiency of the evidence to establish an agreement to forbear any setoff against Pepsi-Columbus' checking account to satisfy debts owed FNBC by Pepsi-Columbus. FNBC also contends the trial court erred in failing to charge that before forbearance to enforce a legal right can constitute consideration sufficient to support a contract, such forbearance must be for a definite period of time. "Forbearance,

to constitute legal consideration, must be such as will tie the creditor's hands for a definite time established between the parties." *Ballentine Motors &c. Inc. v. Nimmons,* 93 Ga. App. 708, 709 (92 SE2d 714) (1956). This court has held that the forbearance must be for a definite time, *Trust Co. v. Rhodes,* 144 Ga. App. 816, 818 (242 SE2d 738) (1978).

FNBC contended that there was no agreement to forbear a setoff, and even if such an agreement existed, it was invalid because such agreement to forbear was not for a definite period of time.

FNBC took timely exception to the trial court's failure to charge the jury that a specific time of forbearance must be agreed upon to be sufficient consideration to support a contract. "It is the duty of the court to charge the jury on the law 'as to every controlling, material, substantial and vital issue in the case.' [Cits.] 'Where it fails to give ... the benefit of a theory of the defense which is sustained by the evidence ... a new trial must be granted. [Cits.]' *Lincoln Life Ins. Co. v. Anderson,* 109 Ga. App. 238, 240 (136 SE2d 1)." *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362, 364 (6) (173 SE2d 741) (1970); *Fowler v. Gorrell,* 148 Ga. App. 573, 577 (251 SE2d 819) (1978). Thus, it was error for the court to refuse to charge the jury as set forth above.

However, even had the trial court charged that forbearance must be for a specific time to constitute sufficient consideration to support a contract of this type, the evidence is insufficient to sustain a finding that the forbearance was for a specific time.

The principal owner and manager of Pepsi-Dothan testified on cross-examination as follows:

"Q. Now, what time limit or time frame was specified for the bank not to do anything or to leave that money alone?

"A. I don't believe there was a specific time set.

"Q. Now, you've been in the courtroom this morning and you heard Mr. Walker say two to three weeks, and I believe Mr. Alto Lee said two to three weeks and then 30 days. Did you ever remember hearing anybody talk specifically about time?

"A. No. They discussed a good bit about how much time it would take to get additional capital into the bank, and they talked about different amounts of capital that they needed into the business here. And they called to see if they could tell them how soon the money would be here, but they couldn't. They had to go raise it from other sources.

"Q. So nobody ever said, 'This agreement that we're making tonight is going to last one week, one day, or 30 days, or two to three weeks'?

"A. Not that I know of."

In view of this testimony by Pepsi-Dothan's principal owner and manager, and the lack of specificity as to time in the testimony of the other witnesses, we conclude that there was insufficient evidence for a jury to have found that the forbearance was for a specific time.

Hence, the trial court erred in denying appellant's motion for a directed verdict at the conclusion of the plaintiff's case.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 16, 1981 —
REHEARING DENIED MARCH 4, 1981 — 

*J. Madden Hatcher, Jr.,* for appellant.
*Eugene K. Swain, Jerry D. Sanders,* for appellee.