### 37482. PEPSI COLA BOTTLING COMPANY OF DOTHAN, ALABAMA, INC. v. FIRST NATIONAL BANK OF COLUMBUS.

HILL, Presiding Justice.

Certiorari was granted to review *First Nat. Bank v. Pepsi-Cola Bottling Co.,* 157 Ga. App. 742 (278 SE2d 454) (1981), in which the Court of Appeals held an oral agreement invalid because the consideration, a promise to forbear from exercising a legal right for an unspecified time, was too indefinite to support a contract. The facts, fully set out in the Court of Appeals' opinion, are briefly restated here for convenience.

Plaintiff Pepsi Cola Bottling Co. of Dothan, Alabama (supplier) and defendant First National Bank of Columbus (bank) were both creditors of Pepsi Cola Distributing Co. of Columbus (distributor). The bank where the distributor had its account was owed approximately $75,000 by the distributor. The supplier sold its products to the distributor, and the distributor also owed the supplier approximately $75,000.

In late 1974, the distributor was in serious financial difficulty. A meeting of concerned parties was held on December 4, 1974, to discuss options whereby the distributor could obtain working funds and thereby stay in operation for the benefit of its creditors. On December 4, the distributor had $7,294 in its account at the bank. The bank and the supplier reached an agreement at this meeting whereby the supplier agreed that upon making deliveries to the distributor the supplier would accept payment for each delivery by check drawn on the distributor's bank account (previously the supplier had insisted on payment by cashier's check or other certified funds and had collected a $300 surcharge upon each delivery which

was applied to the outstanding debt). Under the December 4 agreement the supplier would deposit the checks received from the sale of the delivered product into its Alabama bank account, the processing time through the federal reserve system would take several days during which the distributor could make sales from the delivered product and deposit the proceeds in its account, and the bank agreed that it would honor the distributor's checks to the supplier "provided the money was in the bank."

The supplier made deliveries to the distributor on December 6 and 10, 1974, and received checks totaling $9,828.27 drawn on the bank. These two checks were dishonored because on December 12 and 13, 1974, asserting the right to setoff, the bank withdrew $11,047 out of the distributor's account against the debt owed the bank by the distributor, leaving insufficient funds remaining ($123) to cover the checks.

The supplier sued the bank to recover on the two dishonored checks claiming breach of contract and fraudulent inducement. The jury returned a verdict in favor of the supplier and the bank appealed. The Court of Appeals reversed, finding error in the trial court's failure to charge that before forbearance can constitute consideration sufficient to support a contract, such forbearance must be for a definite period of time. Furthermore, the Court of Appeals found that even had this instruction been given, the evidence presented was insufficient to sustain a finding that the forbearance was to be for a definite time, and concluded that the bank's motion for directed verdict should have been granted.

1. We begin by noting that the jury, in awarding damages to the supplier, necessarily found that an agreement between the bank and the supplier had been reached at the December 4th meeting and that the terms of the agreement included a promise by the bank to honor the distributor's checks payable to the supplier "provided the money was in the bank." The bank contends however that no evidence was presented at trial showing the term "setoff" was used at the meeting and, therefore, a finding that it agreed to forbear setoff is not supported by the evidence.

There is a presumption in favor of the validity of verdicts. *Gough v. Gough,* 238 Ga. 695, 696 (235 SE2d 9) (1977); Code Ann. § 110-105. And "after rendition of a verdict, all the evidence and every presumption and inference arising therefrom, must be construed most favorably towards upholding the verdict." *Gilman Paper Co. v. James,* 235 Ga. 348, 350 (219 SE2d 447) (1975). Measured by this standard and considering the distributor's financial situation, its bank account and its debt to the bank, the jury was authorized to find that when the bank promised to honor these checks "provided the

money was in the bank," it necessarily promised to forbear its right of setoff, notwithstanding the fact that the word "setoff" was not used in reaching the agreement.

2. The primary question for our determination is whether the agreement between the bank and the supplier is legally enforceable. The problem is not that the agreement lacks valid consideration. "Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom it is made, is sufficient consideration. . . ." *Zachos v. C&S Nat. Bank,* 213 Ga. 619, 624 (100 SE2d 418) (1957). See also *Vanguard Properties v. Murphy,* 136 Ga. App. 519, 521 (221 SE2d 691) (1975); Code Ann. § 20-302 (as written prior to the 1981 amendment; Ga. L. 1981, p. 876).[1] Here, the supplier suffered a loss and disadvantage when, contrary to its prior practice and acting in reliance on the bank's promise to honor these checks "provided the money was in the bank" and its corresponding implicit promise to forbear setoff, the supplier sold its product to the distributor and accepted checks drawn on the distributor's bank account which were subsequently dishonored. In addition, the bank received a benefit from the agreement because under it the distributor was allowed to continue to operate (on credit made available by the supplier) in an effort to pay its debt to the bank.

Rather, the problem with this agreement stems from the fact that the bank's promise to forbear setoff lacks a term of duration which, arguably, renders the contract too indefinite to enforce. See Code Ann. § 20-101; *Pepsi-Cola Co. v. Wright,* 187 Ga. 723, 727 (2 SE2d 73) (1939).

We find this omission not controlling however, where as here, a creditor-bank promises another creditor not to exercise setoff against the account of a mutual debtor, and then for its benefit breaches its promise at the first opportunity by exercising setoff after the promisee-creditor has relied on the bank's promise to its detriment. "The main purpose of contract law is the realization of reasonable expectations induced by promises." 1 Corbin, Contracts, § 1 (1963). This court has previously held that "A party may enter into a contract invalid and unenforceable, and by reason of the covenants therein contained and promises made in connection with the same, wrongfully cause the opposite party to forego a valuable legal right to

---

[1] It is noted that in restating the laws relating to consideration, the General Assembly in § 20-302.2 (a) (Ga. L. 1981, pp. 876, 877-878) included "promissory estoppel" as stated in § 90 of the Restatement of the Law, Second, Contracts (Tent. Draft No. 2, 1973).

his detriment, and in this manner by his conduct waive the right to repudiate the contract and become estopped to deny the opposite party any benefits that may accrue to him under the terms of the agreement." *Pethel v. Waters,* 220 Ga. 543 (4) (140 SE2d 252) (1965). See also *General Communications Service, Inc. v. Ga. Public Service Comm.,* 244 Ga. 855, 856 (262 SE2d 96) (1979). The facts of this case fall within the quoted rule of *Pethel v. Waters,* supra. Under these facts the trial court did not err in failing to charge that an agreement to forbear must be for a definite period of time and the verdict of the jury should not have been set aside.

*Judgment reversed. Clarke, Smith and Gregory, JJ., concur. Jordan, C. J. concurs in the judgment only. Marshall, J., dissents.*

DECIDED SEPTEMBER 9, 1981.

*Araguel, Sanders & Carter, Jerry D. Sanders,* for appellant. *J. Madden Hatcher, Jr.,* for appellee.