### 42488. HODGES v. HAVERTY.

DEEN, Judge. 1. The notice of appeal in this case recites as the judgment appealed from the overruling of the motion for a new trial, and the appellee has moved to dismiss on the ground that this is not a final judgment. Under the former law relating to the bringing of cases to this court by bill of exceptions, such judgment was considered a final judgment. *Poole v. McEntire,* 209 Ga. 659 (1) (75 SE2d 20. In *Munday v. Brissette,* 113 Ga. App. 147 (2 b) (148 SE2d 55) it was held to be still a final judgment for purposes of appeal, and the Supreme Court in reversing the case on its merits (*Brissette v. Munday,* 222 Ga. 162, 149 SE2d 110) left undisturbed the ruling that the appeal should not be dismissed. It follows that the motion to dismiss the appeal is without merit.

2. Error is assigned on the admission in evidence over the plaintiff's objection of a written statement over her signature as to how her injuries were received. The statement differed in certain material aspects from her testimony on the trial of the case. The plaintiff admitted her signature and that she had read the statement, which was written by another, prior to signing it, but stated that it was in

error, that she had signed it at the request of the interviewer for insurance purposes only, and that she was under sedation at the time. A proper foundation was laid as required by *Code* § 38-1803. "A written document previously made and signed by a witness, which is contrary to his testimony, may be introduced in evidence for the purpose of impeachment on the ground of contradictory statements; and this may be done notwithstanding the witness admits signing the document, and testifies that most of the statements contained therein are false, where the document contains other statements whose falsity is not admitted." *Manley v. Combs,* 197 Ga. 768 (2) (30 SE2d 485).

3. The defendant pleaded that the plaintiff's injuries were caused by her own negligence or, in the alternative, that they were the result of accident unmixed with negligence. The evidence established that the defendant, a guest in the home of the plaintiff, had started his automobile and turned on his lights preparatory to leaving; that the plaintiff was standing by the window on the driver's side, and that the right front wheel of the vehicle ran over her foot. The plaintiff's testimony was that the defendant backed up and then drove the car directly at her, running over her foot. The defendant testified on the contrary that he thought she had stepped back from the car and cut his wheels to back the car to the right preparatory to turning around, that the car moved slowly backward a distance of not more than six inches to two feet when she cried out and he realized that the wheel must have hit her. Under the defendant's testimony the injury was inflicted entirely by accident and with no admixture of negligence, at least on his part, whereas the testimony of the plaintiff was to the effect that she was not negligent and her conduct in no way contributed to her injuries. The evidence is sufficient to authorize the instruction given and a finding by the jury that there was no negligence on the part of the defendant which caused the injuries. Cf. *Warren v. Georgia S. & F. R. Co.,* 77 Ga. App. 886 (1) (50 SE2d 128). Under these circumstances, even if the charge were not technically adjusted to the evidence on the ground that if the jury believed the defendant to be without fault they would have to believe that the plaintiff was negligent in leaving her foot in the immediate path of the turning wheel, the plaintiff could not complain that the

jury found for the defendant under the mistaken conclusion that she was not negligent. A different situation is presented in *Riggs v. Watson,* 77 Ga. App. 62 (7) (47 SE2d 900) where the plaintiff appealed from a verdict in her favor on the ground that it was insufficient.

4. The remaining enumerations of error on the charge of the court are not considered, since no objection was made prior to verdict.

5. The testimony of the defendant and his wife created an issue of fact which the jury resolved in his favor. There was no error in overruling the motion for new trial on the general grounds.

*Judgment affirmed. Frankum, P. J., and Quillian, J., concur.*

ARGUED JANUARY 9, 1967—DECIDED JANUARY 25, 1967—
REHEARING DENIED FEBRUARY 13, 1967.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., Scott Charlton,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, John T. Marshall,* for appellee.

