## 26942. HOWARD v. HOWARD.

HAWES, Justice. This is a divorce case wherein the husband sued his wife for divorce on the grounds of cruel treatment. The defendant-wife filed a cross complaint seeking a divorce from the plaintiff on the ground of cruel treatment and also seeking alimony and attorney's fees. Upon the trial of the case, the jury returned a verdict granting a divorce to the defendant and awarded her alimony, child support and attorney's fees. The husband appealed, enumerating four grounds of alleged error.

1. Appellant contends that the court erred in excluding evidence which he offered to the effect that subsequent to the marriage between the parties he was required to pay

out a substantial sum of money in order to prevent the prosecution of the defendant wife on a charge of embezzlement which allegedly occurred prior to their marriage. His contention that this evidence was admissible for the jury's consideration on the question of alimony is without merit. "In all cases where alimony is awarded to the wife, her separate estate and earning capacity, as well as any fixed liabilities of the husband for the support of minor children, shall be taken into consideration in fixing the amount." *Code Ann.* § 30-209. Appellant argues, in effect, that the jury would be authorized to infer from such evidence, if admitted, that the wife's employer, having been repaid by the husband for the money allegedly embezzled by her, she, presumably, was enabled thereby to retain the fruits of the embezzlement, and that her separate estate was thus enriched to that extent.

From the record as transmitted to this court, it is apparent that the payment by the husband was made shortly after the parties were married. They remained married about two and one-half years before the divorce proceeding was filed. Under these circumstances, it will be presumed that, by his continued cohabitation with his wife after making such payment, he intended the payment to constitute a gift to her which she would be entitled to retain as a part of her separate estate. *Powell v. Powell,* 196 Ga. 694, 700 (27 SE2d 393). One of the matters which the jury is authorized by *Code Ann.* § 30-209 to consider in fixing the amount of alimony to be awarded is the wife's separate estate. This has reference to its size and amount at the time of the dissolution of the marriage. The source of that estate is not relevant to any issue which the jury must decide. Appellant makes no contention that he was prohibited from showing by proper and competent evidence the present condition of the wife's estate so that the jury could take this factor into consideration in rendering the verdict for permanent alimony. Neither does he contend that the verdict was excessive. Under these circumstances, the first ground of enumer-

ated error shows no cause for a reversal.

2. The second and third grounds of enumerated error complain of the refusal of the trial judge, one of the Judges of the Atlanta Judicial Circuit, to allow the plaintiff to put one of the other Judges of the Atlanta Judicial Circuit and a Deputy Clerk of the Fulton Superior Court on the stand so that they might testify as to allegedly contradictory testimony given by the defendant wife on a previous temporary alimony hearing which had been held before the judge propounded as a witness. Assuming, but not deciding, that these proffered witnesses were competent to testify on the trial of the case for the purpose of impeaching the defendant, it was not harmful error to refuse to permit them to testify in this case because the record shows that the defendant wife whose testimony the plaintiff sought thus to impeach admitted when she was on cross examination by the counsel for the plaintiff making the allegedly contradictory statements and admitted their falsity. *Pethel v. Waters*, 220 Ga. 543, 552 (140 SE2d 252).

3. After the judge presiding in the trial of this case had ruled that the judge who presided on the former hearing for temporary alimony could not testify as a witness, he undertook to explain to the jury the reasons for his ruling in that regard. Counsel for the appellant made a motion for a mistrial on account of the remarks of the trial judge in explaining his ruling which motion was overruled, and he complains thereof in the fourth ground of enumerated error. The statement of the court which elicited the motion for a mistrial was as follows: "Gentlemen, during the recess, the court considered, and you heard counsel for the plaintiff call someone here as a witness. It happened to be one of the judges of this court. It developed the testimony that would have been elicited would have been that by transcript of a judicial hearing. The proposed witness was a judge of this court and that evidence if it was available by transcription could have been brought to the court and for that reason the court

on its own motion did not feel it appropriate that his testimony be offered and as I think it would have been an unlawful use of the testimony and, therefore, has excused this witness." There was nothing in this statement which was in any way harmful to the plaintiff, and the trial court did not err in overruling the motion for a mistrial.

*Judgment affirmed. All the Justices concur.*
ARGUED JANUARY 11, 1972—DECIDED MARCH 9, 1972.

*Stanley H. Nylen,* for appellant.
*Haas, Holland, Freeman, Levison & Gibert, Richard N. Hubert, Andrew C. Hall,* for appellee.

