48668. KRASNER v. LESTER et al.

SUBMITTED OCTOBER 1, 1973 — DECIDED OCTOBER 29, 1973 —
REHEARING DENIED NOVEMBER 15, 1973 —

*D. W. Krasner, Norman Krasner, William E. Spence, John McGuigan,* for appellant.

*Henning, Chambers & Mabry, Edward J. Henning,* for appellees.

DEEN, Judge. ■ Various enumerations of error complain of testimony elicited from the plaintiff on cross examination, and certified court records introduced in support thereof, to the effect that between 1950 and 1968 the plaintiff had filed seven damage suits against separate defendants alleging injuries resulting from automobile collisions, all of them very similar to the injuries alleged here. The defendant also acknowledged having given a deposition in 1968 in relation to the 1959 action, which is still pending, in which he ascribed to that collision the same injuries he now testifies were contracted in 1965 in this action.

Written statements by a witness and allegations in pleadings in other cases contradictory to his testimony on trial may be introduced in evidence for purposes of impeachment. *Hodges v. Haverty,* 115 Ga. App. 199 (2) (154 SE2d 276); *Manley v. Combs,* 197 Ga. 768 (2) (30 SE2d 485); *Buschbaum v. Heriot,* 5 Ga. App. 521 (63 SE 645); Code § 38-1803. The trial court did not err either in allowing the evidence here attacked, or in overruling the motion to suppress it offered prior to the trial. It is further argued that the papers involved in the other lawsuits were not in fact introduced in evidence and were erroneously allowed to be taken out with the other evidence to the jury room. Two of the exhibits were specifically allowed and one was specifically withdrawn. The defendant stated that he was tendering all the remaining exhibits in evidence, and we understand from the ensuing colloquy that it was the intention of the court to allow all in evidence, since no difference appears between those specifically allowed and the tendered remainder.

■ Attempting to carry out a conspiracy to mulct a defendant of damages for personal injury by knowing misstatement of the facts involves moral turpitude, proof of conviction of which is one method of impeaching a witness. Under Georgia law, lapse of time does not render the conviction too remote to be admissible. *Woodward v. State,* 197 Ga. 60, 61 (8) (28 SE2d 480). The rule generally is that the inquiry into the witness' character should relate primarily to a time reasonably near that of his testimony. 98 CJS, Witnesses § 500, p. 392. It is sometimes held that where bad reputation at the time of trial is first shown, it may properly be brought out that this is of long standing. See State v. Miller, 156 Mo. 76 (56 SW 907). In the present case, granting that the conviction is very remote in point of time, we have already shown that a jury inference would be permissible from the long line of damage suits filed, all claiming similar injuries, none of which appear to have been resolved in the plaintiff's favor, that he had been successfully impeached. The first of these cases was filed in 1950, sought damages for back injuries, and was dismissed for want of prosecution. The second one, seeking damages for back and neck injuries, was filed in 1951, and resulted in judgment for the defendant. We make no judgment upon these facts except to say that the evidence was admissible, that the jury was authorized from the reiterated claims to disbelieve his claims for present injuries, and, if this is so, the 1937 conviction is not unrelated to or remote from this line of conduct, and may have influenced the court in exercising his discretion in favor of admitting it. Under these facts the ruling was proper.

■ It is earnestly contended by the appellant that since the defendants were in default and this entitles that plaintiff to "verdict and judgment. . . as if every item and paragraph of the petition were supported by proper evidence" any verdict not finding in his favor in *some* amount is illegal. Code Ann. § 81A-155. Because this is an action for unliquidated damages, however, the plaintiff is "required to introduce evidence and establish the amount of damages. . . before a jury." The plaintiff did introduce evidence. His own was obviously disbelieved, and since the jury was entitled to find him successfully impeached he cannot complain. The only remaining evidence was opinion testimony of his physician that the back injuries and hernias suffered on previous occasions were exacerbated by the 1965 injury on which this suit is based, and were again aggravated in a 1968 collision. This was, however, opinion evidence, which is never conclusive upon the

jury. *Continental Cas. Co. v. Wilson-Avery, Inc.,* 115 Ga. App. 793 (5) (156 SE2d 152). If the jury had no evidence credible to it upon which it could determine the injury to the plaintiff and damage to his automobile so that some dollar amount could be extrapolated, the plaintiff failed to carry the burden required by statute. No enumeration of error raises the question of whether, in this situation, the court should have instructed the jury to find nominal damages in favor of the plaintiff if he failed to prove entitlement to any particular sum to their satisfaction.

The remaining enumerations of error are without merit. Those relating to the court's charge have been examined and found substantially correct; they will not be discussed here as no objections to them were offered in the trial court.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*