### 48700. JACKSON v. RIVIERA DEVELOPMENT CORPORATION.

Stolz, Judge. Riviera Development Corporation (plaintiff), as transferee, sued Lee Jackson (defendant) on a promissory note

originally payable to Clarence C. Crockett. The defendant filed a counterclaim seeking the recovery for the reasonable value of his services. On the trial of the case, the jury returned a verdict in favor of the plaintiff in the promissory-note suit for $10,000 and in favor of the defendant for $5,000 in the value-of-services suit. Thereafter, the court entered a judgment in favor of the plaintiff for $5,000 together with cost of court. The defendant appeals from the denial of his motion for new trial. *Held:*

1. The trial judge did not err in admitting in evidence plaintiff's Exhibit No. 7, an affidavit executed by the defendant in opposition to the plaintiff's motion for summary judgment, for the purpose of impeachment. In his affidavit, defendant stated that the date in the note he was being sued on (November 30, 1968) was a typographical error and that the note was "in truth and in fact executed on November 30, 1967." At the trial, the defendant testified that the note was executed in the early part of 1968, between January 1 and March 22 and back dated. The admissions, or prior inconsistent statements by a party, are admissible in evidence, when offered by the other side. Code § 38-403. Whether or not the defendant was successfully impeached is a question for the jury. *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554, 563 (122 SE2d 268) and cits. The proof of the defendant's previous inconsistent statement would authorize the jury to disbelieve his other testimony if they saw fit. *Travelers Ins. Co. v. Miller,* supra, p. 563.

2. The defendant's second enumeration of error complains of the court's allowance of rebuttal evidence offered by the president of the plaintiff corporation. Briefly stated, the witness testified on cross examination that the defendant turned over to him at the defendant's apartment the corporate records and documents for expenses paid for motel rooms, etc., but stated that he could not recall the incident wherein the defendant made an accounting of $8,000, but would not deny that the aforesaid meeting occurred or that the documents were given, but could not recall an agreement between himself and the defendant in the nature of an accounting. On direct examination, the defendant testified that he had delivered to the witness a "big box of receipts and everything we put in his car." The rebuttal evidence complained of was a specific denial by the witness that the defendant ever gave him a large quantity or box full of records. "In order to expedite the trial of cases, it is a rule of practice that the plaintiff shall in the opening present all of his

evidence which goes to establish his case; the defendant shall then introduce his evidence in support of his defense; and then the plaintiff may offer any proof that rebuts that of the defendant; but if either side should omit to tender in its proper order evidence that is relevant and material, it is a matter in the sound discretion of the trial judge, and his discretion should not be controlled except in a case so gross and palpable as not to admit of hesitation or doubt." *Woodward v. State,* 197 Ga. 60, 69 (28 SE2d 480) and cits. See also *Bartell v. Del Cook Lumber Co.,* 108 Ga. App. 592, 594 (133 SE2d 903) and *Farmer v. State,* 94 Ga. App. 475, 478 (95 SE2d 321). The defendant's second enumeration of error shows no grounds which would justify or require the grant of a new trial.

3. A portion of the judge's charge to the jury relating to the fiduciary relationship that exists between a director and stockholder of a corporation and the director's duty when dealing with a stockholder for the purchase of shares to make a full disclosure of all material facts where the sources of information are not equally accessible to both parties, while not entirely adjusted to the evidence, was a most harmless error, which will not require the grant of a new trial.

4. The defendant's fourth enumeration of error is without merit. The portion of the charge complained of is a correct statement of the law and was adjusted to the evidence in the case.

5. Enumerations of error five and six cite as error the trial judge's (a) receiving the verdict in the forms previously noted, and (b) entering judgment thereon in favor of the plaintiff for $5,000. These enumerations are treated together.

Code § 110-105 provides that "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." After the jury verdict was initially published, the judge inquired of the jury, "Am I correct that your net finding is for the plaintiff in the sum of $5,000?" to which the judge received an affirmative reply. The verdict may be construed in the light of the pleadings, the issues made by the evidence and the charge. *Harvey v. Head,* 68 Ga. 247; *Taylor v. Brown,* 165 Ga. 698, 700 (141 SE 898); *Powell v. Moore,* 202 Ga. 62, 66 (42 SE2d 110). In *Haughton v. Judsen,* 116 Ga. App. 308 (157 SE2d 297), a suit for damages arising from an automobile collision, the jury's verdict was, "We the jury find the defendant not guilty as charged." This court upheld that verdict and the judgment entered thereon for the defendant. The court

noted, "Can there be any doubt that the intendment of the jury here was to say to the court and to the parties that the evidence had been weighed in the light of the court's charge and that they had concluded that plaintiffs had failed to sustain any charge of negligence made in their petitions? We think not." Id., p. 310. Here, the plaintiff sued the defendant on a promissory note. The defendant counterclaimed for the value of personal services. The verdict shows that the jury gave full consideration to the claims of both parties. The judgment conformed to the verdict as required by Code § 110-301. Enumerations of error 5 and 6 are not meritorious.

6. The trial judge correctly overruled the defendant's motion for new trial and its judgment is affirmed.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*
SUBMITTED OCTOBER 9, 1973 — DECIDED OCTOBER 30, 1973.

*Hendon, Egerton & Harrison, E. T. Hendon, Jr.,* for appellant.
*Harris, Wilson & Jones, Robert P. Wilson,* for appellee.