61035. THOMASON v. GENUINE PARTS COMPANY et al.

McMURRAY, Presiding Judge.

This is an action for damages arising from a motor vehicle collision. Upon the trial of the case the defendants attempted to impeach the plaintiff by showing his prior contradictory testimony at an earlier trial of the case.

The first instance of attempted impeachment involved the plaintiff's speed at the time of the collision. When plaintiff's prior testimony was recalled to him he unequivocally admitted his prior inconsistent testimony. The second instance of attempted impeachment involved plaintiff's testimony as to the distance plaintiff's vehicle had skidded after plaintiff realized there was an impending collision and applied his brakes. In this instance there was no audible response by plaintiff to several questions designed to elicit his admission of the prior contradictory testimony.

Defendant offered as documentary evidence the portions of the transcript of the prior trial which were used in the attempts to impeach plaintiff. These exhibits were received into evidence over plaintiff's objection that the transcript pages were taken out of context and the prejudicial effect of the pages outweighed the probative value. Plaintiff also cited *Golden Ga. Ltd. v. McManus,* 113 Ga. 982 (39 SE 476) as holding that a stenographic report of another trial is not documentary evidence and plaintiff contended the copy of certain pages of the transcript should not be allowed in evidence, although counsel for plaintiff waived any issue as to the authenticity of the transcript copies. The trial court, however, allowed the copies of the pages of the transcript of the prior trial in evidence as documents, citing *Atlanta & W. P. R. Co. v. Venable,* 67 Ga. 697 (1), 700, wherein answers of a decedent to interrogatories were held to be admissible in evidence.

The jury returned a verdict in favor of the defendants. Plaintiff appeals, enumerating as error the admission into evidence of the pages from the transcript of the previous trial containing statements

with which defendants attempted to impeach plaintiff by reading same in evidence and "to be sent out with the jury [as documentary evidence] when the jury retired to deliberate as to its verdict." *Held:*

"When a witness admits unequivocally that he made a prior inconsistent or contradictory statement, he has thereby impeached himself and it is not error to exclude the prior written statement from evidence. *Pethel v. Waters,* 220 Ga. 543, 553 (140 SE2d 252) (1965); *Howard v. Howard,* 228 Ga. 760, 762 (187 SE2d 868) (1972)." *Dickey v. State,* 240 Ga. 634, 639 (242 SE2d 55). Plaintiff here admitted the prior inconsistent statement with regard to his speed near the time of the collision. At this trial he testified he was traveling "approximately 35 [mph]," but admitted he had answered "Yes, sir" at the former trial in reply to a leading question that he was traveling "35 to 40 miles per hour." The portion of the transcript of the prior trial relating to this issue was immaterial and should have been excluded.

A different rule applies, however, where the witness denies having made the prior inconsistent statement. When this occurs the prior inconsistent statement becomes admissible for purposes of impeachment. *Dickey v. State,* 240 Ga. 634, 639, supra.

In this case plaintiff's failure to respond to questions designed to elicit an admission to the prior inconsistent statement, although not an overt denial of the statement, was not the self-impeaching testimony which would render portions of the transcript of the prior trial immaterial. He testified at this trial as to skidding "thirty to thirty five feet," yet at the previous trial he had testified he "slid maybe 35 or 40 feet at the most."

Here the witness sought to be impeached is a party in the case and his prior testimony can be said to constitute substantive evidence as to the statements contained therein. See Code §§ 38-403 and 38-404; 81 AmJur2d, Witnesses ¶ 599; *Jackson v. Riviera Develop. Corp.,* 130 Ga. App. 146, 147 (1) (202 SE2d 545). Compare *Henry Grady Hotel Corp. v. Grady Motors,* 96 Ga. App. 416, 419-420 (100 SE2d 125), for the rule where the impeached witness is not a party. See also Code § 38-405. Consequently, his former testimony is admissible in evidence against him as to inconsistency which he has not admitted.

But we are not necessarily concerned with the admissibility of such testimony as recalled to him under Code § 38-1803 and same is read into evidence to show the conflict in his testimony. Here the trial court was concerned with whether the transcript of this testimony containing the two written statements by a witness or party should be allowed in evidence as a document, over objection. "Written statements by a witness and allegations in pleadings in other cases contradictory to his testimony on trial may be introduced in evidence

for purposes of impeachment. *Hodges v. Haverty,* 115 Ga. App. 199 (2) (154 SE2d 276); *Manley v. Combs,* 197 Ga. 768 (2) (30 SE2d 485); *Buschbaum v. Heriot,* 5 Ga. App. 521 (63 SE 645)." *Krasner v. Lester,* 130 Ga. App. 234, 235 (202 SE2d 693). However, in the *Krasner* case we are unable to determine if the written statements allowed in evidence in that case were objected to as documents to be allowed out with the jury or merely that they were not impeaching evidence.

As early as *Golden Ga. Ltd. v. McManus,* 113 Ga. 982 (3), supra, the Supreme Court held that the "stenographic report of the evidence of the plaintiff on another trial was not documentary evidence." In such cases as *Shedden v. Stiles,* 121 Ga. 637 (4), 640 (49 SE 719); *Strickland v. State,* 167 Ga. 452, 453 (6), 461-462 (145 SE 879); *Royals v. State,* 208 Ga. 78 (2), 80-82 (65 SE2d 158); *Johnson v. State,* 244 Ga. 295, 297 (260 SE2d 23), the Supreme Court has held that written statements such as interrogatories, dying declarations, confessions of guilt, depositions, etc., should be allowed in evidence by reading same to the jury and presented in evidence in that form but not allowed to be in the possession of the jury during their deliberations. In other words, the jury heard the testimony from the witness stand but same should not be unduly emphasized by giving the jury an opportunity to read them one or more times after hearing them read in the courtroom, whereas oral testimony from the stand is heard only once. See Green, Ga. Law of Evidence, 206-207 § 87.1. Where any such papers are delivered to the jury over timely objections, a new trial is in order. Such is the case here where the witness (the plaintiff) had his inconsistent statements called to his attention, admitted one of them to be correct but refused to answer with respect to the other. The trial court erred in allowing pages of the transcript wherein this occurred to be submitted as documentary evidence having no probative value as to the case except as testimony of the witness in question. Whether this testimony was of a substantive nature or strictly for impeachment, error was committed albeit the close nature of the inconsistent statements do not appear to be of great gravity and importance although in a motor vehicle tort case an increase of 5 miles per hour or the skidding of a vehicle some additional 5 feet "at the most" could be very damaging to the plaintiff's case when the jury was allowed to refer to it time and again in their deliberations in the jury room.

*Judgment reversed. Smith and Banke, JJ., concur.*

Argued November 4, 1980 — Decided November 25, 1980.

*Ralph E. Hughes,* for appellant.
*Clay Porter, Edgar S. Mangiafico, Jr.,* for appellees.