## 38822. SPROUSE v. THE STATE.

GREGORY, Justice.

This is the second appearance of this death penalty case. Appellant was convicted of murder, kidnapping with bodily injury, and two counts of aggravated assault. He was sentenced to death for murder and kidnapping with bodily injury and to ten years for each of the aggravated assaults. We affirmed appellant's convictions but remanded the case to the trial court for a new trial on the sentences to be imposed for murder and kidnapping with bodily injury. *Sprouse v. State,* 242 Ga. 831 (252 SE2d 173) (1979). On remand, the state did not seek the death penalty for kidnapping with bodily injury. A sentencing trial was conducted, before a jury, as to the murder, and the death penalty was again imposed. The case is here on direct appeal and for mandatory review of the death penalty. Code Ann. § 27-2537 (a).

The evidence presented by the state showed that appellant and his co-defendant, Johnson,[1] approached Suzanne Edenfield and Mary Lynne Harrod (now Burke) after a rock concert and asked them if they wanted to smoke marijuana. They did, and the four proceeded in separate cars to Savannah high school, where they smoked some marijuana. Approximately 15 minutes later, the girls attempted to

---

[1] See *Johnson v. State,* 242 Ga. 649 (250 SE2d 394) (1978).

leave but were prevented from doing so at gunpoint. They were taken, in Johnson's car, to a secluded, wooded area. Johnson left the car with Suzanne and raped her. Appellant attempted to rape Lynne. Johnson returned, and the girls were lined up and shot. Lynne survived. Suzanne was killed.

The sentencing trial was conducted under the Georgia Unified Appeal procedure. Accordingly, we have reviewed the entire record of the case pursuant to Rule IV (B) (2).[2] See Code Ann., Appendix to Ch. 27-25. We find it necessary to address a matter not enumerated as error.

Lynne testified for the state at the sentencing trial. She stated on direct examination that she and the others had smoked, altogether, two or three joints (marijuana cigarettes) between the four of them. Afterwards, she and Suzanne started to leave. When they did, appellant pulled a gun and made them get in the back seat of Johnson's car. Appellant got in the back seat with them and Johnson drove. At some point during the trip, appellant tied Lynne's hands behind her and Johnson tied Suzanne's hands behind her. Suzanne was forced to tie a kerchief around Lynne's mouth. Another kerchief was tied around Suzanne's mouth.

On cross examination, Lynne testified that she had smoked marijuana prior to the night of the murder and that two or three joints was not a lot of marijuana to be smoked by four people. She was asked if she had not testified in "police court" on August 8, 1974, that the four of them had smoked at least three joints apiece. At first she answered that she could not remember. Later she flatly denied making the statement.

Subsequently, defense counsel asked if Suzanne, and not Johnson, had driven Johnson's car. Lynne answered in the negative. Then she was asked if she recalled telling Sergeant Burkhalter that Suzanne actually drove the car. She did not deny making such a statement, but could not recall it.

After the state rested, appellant called Sergeant (now Lieutenant) Burkhalter to the stand. Appellant directed Burkhalter's attention to an interview he had conducted with Lynne three days after the murder. The state objected, on the ground that any statement Lynne made at that time would be hearsay.

The jury was removed and the admissibility of Burkhalter's

---

[2] "The Supreme Court shall review each of the assertions of error timely raised by the defendant during the proceedings in the trial court regardless of whether or not an assertion of error was presented to the trial court by motion for new trial, and regardless of whether error is enumerated in the Supreme Court."

testimony was considered outside the jury's presence. Appellant's attorney stated to the court that he intended to prove by Burkhalter's testimony that Lynne had previously stated that Suzanne had driven. The state responded that since Lynne did not deny making the previous statement, it was not admissible to impeach her testimony and was therefore inadmissible hearsay. The trial court agreed and sustained the objection.

While still outside the presence of the jury, the trial court considered the admissibility of the testimony of two additional witnesses that appellant intended to call. Appellant's attorney stated to the court that he intended to call the court reporter who had transcribed the police court hearing to prove that Lynne had stated under oath that the four had smoked at least three joints apiece. He further intended to call a medical doctor to testify to the effect of smoking that amount of marijuana. The trial court ruled the testimony of both witnesses inadmissible.

Code Ann. § 38-1803 states in part: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." "In order to impeach a witness by contradictory statements, it is not necessary that he should absolutely deny the declarations made by him; but this may be done when the witness says he does not recollect such statements, if the same be relevant to the issue on trial." *Estill v. C. & S. Bank,* 153 Ga. 618 (4) (113 SE 552) (1922). The trial court erred in refusing to allow appellant to impeach Lynne's testimony simply because she failed to deny making her former statements.[3]

Moreover, in *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982), decided shortly before the sentencing trial,[4] we held that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is not hearsay, but is admissible as substantive evidence. Thus, not only were Lynne's prior inconsistent statements admissible to impeach her credibility, they were admissible as substantive evidence of the facts contained therein.

Had the jury been presented with the evidence excluded by the trial court, it might have concluded, not only that Lynne's testimony was not as reliable as it seemed to be, but also that appellant's conduct was not as aggravated as her in-court testimony indicated. The jury's consideration of the circumstances of the crime and the

---

[3] Assuming that she failed to deny making them. In our view of the testimony, she *did* deny ever testifying that they smoked at least three joints apiece.

[4]*Gibbons* was decided February 3, 1982. The sentencing trial was conducted on March 22, 23 and 24, 1982.

defendant was therefore incomplete. See *Horton v. State,* 249 Ga. 871 (6) (295 SE2d 554) (1982).

We are unable to say that the erroneous exclusion of Lynne's prior inconsistent statements and the testimony of the doctor was harmless. This case must again be remanded to the trial court for a new trial as to sentence.

*Judgment reversed. All the Justices concur, except Jordan, C. J., Smith and Weltner, JJ., who dissent.*

DECIDED OCTOBER 27, 1982 —
REHEARINGS DENIED NOVEMBER 12, 1982.

*Reginald C. Haupt, Jr.,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, W. Davis Hewitt, Assistant Attorney General,* for appellee.