## 66773. TRUITT v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of burglary. Following the denial of his motion for new trial he appeals. *Held:*

1. During the examination of a state's witness who had observed the defendant coming from the direction of the burglarized premises "carrying a large bag with . . . stuff like clothing or something wrapped up, kind of stuffed in it," this witness testified as to what he reported to the investigating police. He described the defendant as being a young man he used to see in a certain area of town and as to how he looked, that he knew his last name but could not remember it "out right." He explained that one of the officers "recognized who I was talking about . . . [that] they had been looking for him." Whereupon, objection was made that this testimony was hearsay and should be stricken. The court sustained the objection striking same and instructed the jury to disregard the testimony concerning what an officer may have said or not said to this witness as hearsay testimony and for the jury not to give it any consideration. Defense counsel then sought to have the jury excluded in order "to make a motion outside the presence of the jury," but the court required him to make the motion in the presence of the jury at which time he did so, contending that the hearsay "unfairly introduces the defendant's character into evidence" and since the jury would be prejudiced by the testimony against the defendant a mistrial should be granted. The court overruled the motion stating that the jury had been instructed to disregard the testimony and not to consider it in arriving at its decision. A renewed objection was made and again overruled. Errors enumerated herein contend the defendant had a good ground for mistrial. We disagree. First of all, it is not clear as to whom the police officer's comment referred as the defendant had not been identified by name to this police officer at that particular point in time, and the statement did not necessarily imply that the defendant had a

criminal record, although one connotation might be that the police were looking for such a person as having committed an offense for which he might be arrested. See in this connection *Bell v. State,* 162 Ga. App. 527, 528 (292 SE2d 114); *Woodard v. State,* 234 Ga. 901, 902 (2) (218 SE2d 629). But even if the remark be considered in some way to be harmful to the defendant the curative instruction by the trial court was adequate to correct any such harm and the trial court did not abuse its discretion. See *Sabel v. State,* 250 Ga. 640, 643-644 (5) (300 SE2d 663); *Stanley v. State,* 250 Ga. 3 (1) (295 SE2d 315); *Jones v. State,* 161 Ga. App. 610, 611 (3) (288 SE2d 788). As the jurors are presumed to follow the instructions of the trial court in this state we find no error. See *Tatum v. State,* 249 Ga. 422, 423 (1), 424-425 (291 SE2d 701).

2. During the cross-examination of the state's principal material witness defense counsel inquired about his criminal record, and objection was made and sustained. Defendant now contends the trial court erred in refusing to allow counsel to cross-examine the key witness about prior testimony given at a preliminary hearing which was inconsistent regarding prior convictions of crime involving moral turpitude. The transcript of the trial and proceedings discloses that the question asked of the witness was whether he had been charged with theft by taking on a certain date at which time the state objected and requested that a hearing be conducted out of the presence of the jury for a determination as to the possible impeachment of the witness by a showing of prior crimes and convictions. The court inquired of defense counsel if he was prepared to furnish the court with verified copies of convictions to which counsel replied in the affirmative. However, the convictions amounted to misdemeanors and same were disallowed since they did not involve felonies and other crimes that may involve moral turpitude. Whereupon, defense counsel argued that this testimony involved prior contradictory statements made under oath by the witness at a preliminary hearing. The court then held that the prior convictions were misdemeanors and did not involve moral turpitude but the defendant might introduce them for impeachment purposes and the jury would be charged as to the impeachment of the credibility of the witness by evidence or proof of previous convictions of crimes involving moral turpitude and refused to allow counsel to ask the witness whether or not he was convicted of the crime or not. A witness' prior statement which is inconsistent on a material matter with his trial testimony is proper evidence to impeach his trial testimony. OCGA § 24-9-83 (formerly Code § 38-1803); *Dickey v. State,* 240 Ga. 634, 635-637 (1) (242 SE2d 55); *Pistor v. State,* 219 Ga. 161, 162 (2b) (132 SE2d 183); *Sprouse v. State,* 250 Ga. 174, 176 (296 SE2d 584). Such inconsistent

statement of a witness is not limited in value only to impeachment purposes but is likewise admissible as substantive evidence now under *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717). See also *Sprouse v. State,* 250 Ga. 174, supra. However, defense counsel failed to produce any prior inconsistent statement made in the preliminary hearing or to cross-examine him in this regard. He merely contends that if he had been allowed to cross-examine the witness further the witness would have impeached himself, thereby obviating the need to introduce the transcript of the preliminary hearing. See *Pethel v. Waters,* 220 Ga. 543, 553 (5) (140 SE2d 252); *Howard v. Howard,* 228 Ga. 760, 762 (2) (187 SE2d 868). Defendant contends that the witness might have denied the conviction and the transcript would have become admissible for impeachment purposes, and the court had placed an undue, unreasonable limitation upon his cross-examination of this witness. Here, however, defense counsel did not produce a copy of the transcript where he had made an inconsistent statement with reference to his convictions and counsel made no effort to examine him with reference to any prior inconsistent statements or as to the certified copies of the convictions which he had available. The trial court generally has the discretion to control the scope of cross-examination within reasonable bounds and unless this discretion is abused it will not be controlled by a reviewing court. *Miller v. State,* 155 Ga. App. 587 (271 SE2d 719). Accordingly, we find no reversible error here.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 26, 1983.

*Daniel J. Craig,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.