71362. IN THE INTEREST OF J. F. F.
71374. IN THE INTEREST OF S. A. W.
71375. IN THE INTEREST OF I. B. B.
(341 SE2d 465)

POPE, Judge.

On September 24, 1984 petitions were brought against the three above-referenced juveniles in the Juvenile Court of DeKalb County, alleging that on September 20, 1984 they had raped a 14-year-old girl. Following an adjudicatory hearing on November 20, 1984, the juvenile court found the allegations to be true and declared all three youths delinquent; after a dispositional hearing, the court committed each to the custody of the Georgia Department of Human Resources. The juveniles bring these appeals following the denial of their motions for new trial.

The alleged victim and the three appellants all attended Avondale High School and knew one another. The victim testified that while she was watching the school band practice at the stadium after school on September 20, 1984, the three appellants approached her and engaged in playful "keep-away" antics with her shoes and purse. Eventually the foursome left the stadium and found themselves in a partially enclosed area known as senior park, where J. F. F. attempted to unfasten her pants. He stopped, not because of any resistance offered by the girl, but because they were approached by a school custodian. The group then crossed the road to where a concession stand was under construction, with the appellants still playing keep-away with the victim's shoes.

She claimed that the appellants put her shoes in the concession stand through a window opening and then helped her through the window supposedly to retrieve them. J. F. F. prevented her from getting out of the stand, entered it himself, and then unfastened her pants and unsuccessfully attempted to have sexual intercourse with her. I. B. B. and S. A. W. then entered the concession stand, and I. B. B. removed the victim's pants and placed her on the floor. Al-

though she protested that she was menstruating, I. B. B. and S. A. W. held her arms and legs while J. F. F. had intercourse with her for about 5 minutes. I. B. B. then got on top of the girl and had intercourse for about 5 minutes, also striking her once when she resisted. After this, the appellants left the concession stand. The victim dressed and went to a department store next to the school and called her boyfriend's mother, who sent her son to look for the girl at school. When her boyfriend arrived, the victim told him what had happened. He took her to his house, where his mother reported the matter to the police. On cross-examination the victim admitted having a consensual sexual encounter with J. F. F. in her home earlier in the year.

J. F. F. and S. A. W. testified at the hearing that the victim had consented to the sexual encounter in the concession stand, although J. F. F. claimed that he actually had been unsuccessful in his attempt to have intercourse with the girl. S. A. W. explained that he had helped hold her leg to make the intercourse easier for them.

Following the dispositional hearing, all three appellants hired a different attorney to pursue their motions for new trial, the asserted bases of which included newly discovered evidence and ineffective assistance of counsel at the adjudicatory hearing. The newly discovered evidence consisted of development of the evidence of the girl's previous, apparently consensual, sexual experience with J. F. F., at which time I. B. B. also was a participant, and testimony of witnesses recounting statements of the victim indicating that the incident of September 20, 1984 had not been rape. The claim of ineffective assistance of counsel was based upon the previous counsel's failure to adduce fully this other evidence.

1. "The standard for granting a new trial on the basis of newly discovered evidence is well established. 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' " *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). All six requirements must be met to obtain a new trial, and the newly discovered evidence must be admissible. Id.

Much of the alleged newly discovered evidence concerned proof of the victim's earlier consensual sexual encounter with J. F. F. and I. B. B. (and another individual) at her house. Under OCGA § 24-2-3 evidence of prior, consensual sexual activity between the complaining witness and any of the appellants was relevant and admissible. Addi-

tionally, the appellants' knowledge of the promiscuity of the complaining witness would very likely have been relevant and admissible to show their reasonable belief of consent. See *Hardy v. State*, 159 Ga. App. 854 (285 SE2d 547) (1981). In this case counsel for J. F. F. actually did succeed in being allowed to cross-examine the victim about her prior consensual sexual experience with J. F. F. (although he did not ask J. F. F. about the matter), but counsel for the other two appellants was not allowed to follow up that questioning with an inquiry about the presence or participation of others in that sexual encounter. In short, the only admissible evidence proffered at the motion for new trial that was not adduced at the adjudicatory hearing was I. B. B.'s participation in the prior incident at the victim's home earlier in the year. The other evidence developed at the hearing on the motion for new trial, concerning the victim's earlier consensual sexual intercourse with another student in an alley behind a movie theater, was inadmissible, there having been no showing of the appellants' knowledge of that promiscuous behavior.

We conclude that the juvenile court properly declined to grant a new trial based on the allegedly "newly discovered" evidence of promiscuity. As indicated above, the only admissible evidence of that conduct was the victim's earlier sexual involvement with J. F. F. and I. B. B. at her home. Obviously, it did not constitute newly discovered evidence. Moreover, as to J. F. F., the evidence presented at the hearing on the motion for new trial, while developing the earlier encounter more fully, certainly must be considered cumulative.

On the motion for new trial, the appellants also presented the testimony of a classmate of the victim and the band director. The classmate, a cousin of one of the appellants, stated that she discussed the incident of September 20, 1984 with the victim in class a few days thereafter, at which time the victim did not say she was raped, but that her mother actually had insisted that she claim rape. The band director, who overheard their conversation, was more definite and testified that the victim had remarked that the appellants had not raped her, that the appellants had told her that they were going to tell her boyfriend, and that her mother made her tell everyone she was raped.

The State conceded that this body of evidence met the requirements for granting a new trial based on newly discovered evidence, except for its materiality and its purely impeaching effect. However, these statements by the complaining witness would be admissible, not merely to impeach the witness' credibility, but as substantive evidence that there had been no rape and that she had maintained that rape occurred only out of concern over the reaction of her boyfriend and because of her mother's insistence. *Sprouse v. State*, 250 Ga. 174 (296 SE2d 584) (1982). As such, this evidence goes beyond mere impeachment and affirmatively supports the defense claim of consent

and fabrication of the rape. See *Fugitt v. State*, 251 Ga. 451 (1) (307 SE2d 471) (1983).

The criterion of materiality offers a more difficult determination. The Supreme Court has recognized "that this cannot be reduced to a mathematical probability, since the jurors are the ultimate judges of the credibility of witnesses and no prognostication of their reaction to such evidence can be completely accurately made." *Bell v. State*, 227 Ga. 800, 807 (183 SE2d 357) (1971). The court therein found that the newly discovered evidence, considered with the other defense evidence, "might well authorize a different verdict, which is about as much probability as can be obtained under the evidence." Id. at 808. However, all hearings before the juvenile court shall be conducted by the court without a jury. OCGA § 15-11-28 (a). The juvenile court here would thus again act as the factfinder. The testimony of the classmate and the band director was presented to the juvenile court during the hearing on the motion for new trial. The court made it abundantly clear that the testimony at issue did not change his mind to create a reasonable doubt where none had existed before. Elsewhere in the hearing, the court also pointed out that the incident had already been reported to the police as a rape before the victim's mother had been alerted and had communicated with her daughter. Since the evidence does not demand a different result, i.e., an acquittal or adjudication that the three are not delinquent, we find no reason under these circumstances for remanding this case to the juvenile court for another hearing.

2. Our view of the record discloses no basis for appellants' assertions of ineffective assistance of counsel. See generally *Gabler v. State*, 177 Ga. App. 3 (2) (338 SE2d 469) (1985).

*Judgments affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Sognier and Beasley, JJ., concur. Benham, J., concurs in the judgment only. Deen, P. J., and Carley, J., dissent.*

DEEN, Presiding Judge, dissenting.

As noted by the majority opinion, the Supreme Court has recognized the inexactitude often presented by the criterion of materiality in motions for new trial based on newly discovered evidence. *Bell v. State*, 227 Ga. 800 (183 SE2d 357) (1971). In *Bell*, the Supreme Court held that a new trial should have been granted because the newly discovered evidence "might well authorize a different verdict, which is about as much probability as can be obtained under the evidence." Id. at 808. The court in no way held that the newly discovered evidence must demand a different verdict. In the instant case, however, the majority opinion prescribes such a requirement, and I must respectfully dissent.

In establishing this requirement that newly discovered evidence

must demand a different verdict before new trial may be granted, the majority opinion emphasizes the trial court's declaration that the new evidence did not change his mind. At least with regard to non-jury cases, that reasoning, followed to its logical conclusion, would jeopardize appellate review of a ruling on a motion for new trial based on newly discovered evidence. As a practical matter, this court will not likely find that newly discovered evidence demands a different verdict, where the actual trier of fact has already and unequivocally intimated that in his view the evidence makes no such demand. The only workable standard is that applied in *Bell v. State*, supra, and even the majority opinion implicitly acknowledges that the newly discovered evidence in this case meets that burden.

A new hearing with the presentation of this new evidence would also, for the first time, provide the trial court the benefit of the confrontation of the victim with her prior inconsistent statement, and consideration of all the relevant, admissible evidence available. Under these circumstances, while the new evidence would not require a different verdict, it might well authorize one, and a new trial should have been granted.

I am authorized to state that Judge Carley joins in this dissent.

DECIDED JANUARY 28, 1986 —
REHEARING DENIED FEBRUARY 14, 1986 —

*Thomas E. Maddox, Jr.*, for appellants.
*Alan L. Martin, Solicitor, Robert J. Nesmith, Assistant Solicitor*, for appellee.