72455. IN RE S. Y. H.
(350 SE2d 778)

BENHAM, Judge.

S. Y. H., a 16-year-old male, was adjudged to be delinquent and placed in the custody of the Division of Youth Services after a charge that he raped a 14-year-old girl was sustained. On appeal S. Y. H. seeks reversal of the adjudication or a new trial on the general grounds as well as on several procedural points.

1. The young victim testified she and S. Y. H. had an afternoon date at a local video game and miniature golf center. During a walk to a nearby shopping center, S. Y. H. pulled the girl into a wooded area, pushed her down on the ground, removed her clothing, and had sexual intercourse with her. The girl testified that she asked S. Y. H. to stop, but to no avail. S. Y. H. admitted having sexual intercourse with the complainant but contended the acts were consensual. The physician who examined the girl the next afternoon found bruises and abrasions on her body as well as swollen external genitalia and mucosal tears of the vaginal lining. He stated the injuries sustained by the girl were consistent with an initial sexual encounter. The girl testified she had had no sexual experience prior to this incident.

"We review the evidence only to determine if there is sufficient evidence to convince a rational trier of fact of guilt beyond reasonable doubt, and in that search the evidence is viewed in the light most favorable to the verdict. [Cits.]" J. B. v. State, 171 Ga. App. 373 (1) (319 SE2d 465) (1984). While the testimony of the State's witness and that of appellant was in conflict, we are satisfied that the juvenile court was warranted in finding guilt beyond a reasonable doubt. Id.; In the Interest of F. T., 165 Ga. App. 4 (299 SE2d 112) (1983).

2. Appellant finds error in the juvenile court's denial of his motion for new trial based on newly discovered evidence. The evidence consisted of affidavits of people who saw appellant with the victim the day of the incident. The standard for granting a new trial on the basis of newly discovered evidence is well established and can be found in In the Interest of J. F. F., 177 Ga. App. 816 (1) (341 SE2d 465) (1986). Appellant describes the affidavits as "cast[ing] extreme doubt on the narration of events as related by the alleged victim." Since a

new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness (id.), the juvenile court did not err in failing to grant a new trial based on the impeaching affidavits.

3. Appellant next finds error in the alleged failure of the juvenile court to have the hearing recorded as required by OCGA § 15-11-28 (b). Specifically, appellant contends that the closing arguments of counsel and the dispositional phase of the proceedings were not recorded. The transcript accompanying the record on appeal belies appellant's assertion.

4. The juvenile court also denied appellant's motion to compel the production of blood samples from appellant and the victim. It is appellant's position that comparison of blood and semen specimens could establish his innocence by impeaching the testimony of the treating physician. However, it is undisputed that appellant had sexual intercourse with the victim, and her testimony that the intercourse was without her consent is sufficient to support appellant's conviction. See *Stallworth v. State*, 150 Ga. App. 766 (1, 2) (258 SE2d 611) (1979). Therefore, the juvenile court did not err in refusing appellant's request.

5. Appellant was provided the blood, hair, and semen specimens taken from the victim and contained in the "rape kit." In lieu of having independent tests performed on the evidence, appellant chose to ask the court to have the State Crime Lab perform blood typing tests. As was stated in Division 4, the question at trial was whether the intercourse was with or without the victim's consent, and the blood typing of specimens does not shed light on that question. Furthermore, we know of no constitutional, statutory, or judicial mandate which requires the State Crime Lab to perform laboratory tests at the behest of defense counsel. While an indigent defendant is entitled on motion timely made to have at state expense an independent expert examine critical evidence, the nature of which is subject to varying expert opinion (*Battle v. State*, 254 Ga. 666 (2) (333 SE2d 599) (1985); *Sabel v. State*, 248 Ga. 10 (6) (282 SE2d 61) (1981)), a non-indigent defendant is not entitled to such financial aid, and neither type of defendant is entitled to the resources of the State Crime Lab. See *Battle v. State*, supra, fn. 2 at 668. See also *Conklin v. State*, 254 Ga. 558 (4) (331 SE2d 532) (1985).

6. Finally, appellant contends the juvenile court erred when it failed to dismiss the petition alleging delinquency pursuant to OCGA § 15-11-28 (e), which states: "In any delinquency proceeding in which a petition has been filed in which the delinquent act would constitute a felony if committed by an adult, the district attorney or a member of his staff must conduct the proceedings on behalf of the state if requested to do so by the juvenile court at least 96 hours prior to the proceeding. In any such case, the petition shall be dismissed by the

court upon the motion of the district attorney setting forth that there is not sufficient evidence to warrant the further conduct of the proceeding." In support of his petition to modify or vacate the juvenile court's order adjudging appellant delinquent, appellant presented the affidavit of an attorney who averred he had been appointed by the juvenile court to act as special prosecutor; he had investigated and reviewed the evidence against appellant; and he had made a motion in the juvenile court that the proceedings be dismissed.

OCGA § 15-11-28 (d) empowers the juvenile court judge to "request the assistance of the district attorney or a member of his staff to conduct the proceedings on behalf of the petitioner. If for any reason the district attorney is unable to assist, the judge may appoint legal counsel for such purpose." The record contains no evidence that the affiant/attorney was appointed to represent the petitioner in appellant's case, and the record does not contain the motion to dismiss the affiant says he filed. Even if these missing documents were contained in the record, we would question the ability of counsel appointed under § 15-11-28 (d) to make a motion to dismiss under § 15-11-28 (e). The latter section mandates the participation of the district attorney or a member of his staff, if requested by the court, in cases where the delinquent act would constitute a felony if committed by an adult. It would seem, then, that legal counsel may not be appointed in place of the district attorney under § 15-11-28 (d) if the delinquent act alleged is a felony. Secondly, § 15-11-28 (e) states that the court shall dismiss the petition of delinquency "upon the motion of the district attorney." Thus, the filing of such a petition is solely within the power of the district attorney or a member of his staff. The record containing no motion to dismiss filed by the district attorney or a member of his staff, the juvenile court did not err in denying appellant's motion to modify or vacate its order adjudging appellant delinquent.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED OCTOBER 23, 1986 —
REHEARING DENIED NOVEMBER 17, 1986

*William C. Moore*, for appellant.
*William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney*, for appellee.