## A92A0080. HORNE v. THE STATE.
### (418 SE2d 441)

BIRDSONG, Presiding Judge.

David E. Horne appeals his judgment of conviction of armed robbery and his life sentence.

The victim testified he saw appellant approaching and climbed into his pickup truck. Appellant pulled the truck door open, displayed a knife, and demanded money. The victim gave him money and appellant fled. The victim pursued appellant in his truck. Subsequently, the police joined in the pursuit and appellant was apprehended. A police officer testified appellant was observed fleeing from the pursuing victim; and as appellant was being apprehended, he dropped a knife. Both the knife and the victim's money were recovered.

Appellant denied committing any crime. He claimed he merely asked the victim for money, pulled the truck door open when his hand almost got caught as it was being closed, and that the victim then gave him some money (which apparently due to a mistake was more money than intended). As appellant was leaving, the victim began pursuing, yelling he had been robbed. Appellant panicked and ran. *Held*:

1. Appellant asserts the trial court erred in failing to allow him to testify as to a prior inconsistent statement made by the victim during a preliminary inquiry hearing.

OCGA § 24-9-83 pertinently provides: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. *Before contradictory statements may be proved against him,* unless they are written statements made under oath in connection with some judicial proceedings, the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible." (Emphasis supplied.) In this regard, " '[t]he cross-examiner will ask the witness whether he made the alleged statement, giving its substance, and naming the time, the place, and the person to whom made . . . If the witness denies the making of the statement, or fails to admit it, . . . then the *requirement* of "laying the foundation" is satisfied and the cross-examiner, at his next stage of giving evidence, may prove the making of the alleged statement.' " (Emphasis supplied.) *Carter v. State,* 244 Ga. 803, 806 (262 SE2d 109). The purpose of the statutory requirement for laying such a foundation "is to give the witness the opportunity to explain or deny the prior contradictory statement"; however, substantial compliance with the foundation requirement should suffice. *Meschino v. State,* 259 Ga. 611, 614 (2 b and c) (385 SE2d 281). In this case, the foundation requirement of the statute was not met; neither was there substantial compliance with the statute as in *Meschino,* supra. The victim was not

questioned about his prior inconsistent statement, and thus was afforded no opportunity to explain or deny the statement before it was offered at trial to impeach him. " '(A) proper foundation must be laid before previous contradictory statements may be proved against a witness.' " *Sosebee v. State*, 169 Ga. App. 370, 371 (3) (312 SE2d 853). The trial court did not err in sustaining the State's timely and specific objection to the introduction of the alleged inconsistent statement. *Smith v. State*, 171 Ga. App. 758, 763 (7) (321 SE2d 213); *Sosebee*, supra; accord *Barrett v. State*, 192 Ga. App. 705, 707 (5) (385 SE2d 785).

*Gibbons v. State*, 248 Ga. 858, 862-865 (286 SE2d 717), cited by appellant, and *Sprouse v. State*, 250 Ga. 174 (296 SE2d 584) are factually distinguishable and are not controlling.

2. Appellant asserts on the general grounds that the trial court erred in denying his motion for new trial.

Any errors of law encompassed within appellant's enumeration of error based on the general grounds that have not been supported in appellant's brief by citation of authority or argument are deemed to have been abandoned. Court of Appeals Rule 15 (c) (2). (See Division 1 above, finding that the trial court did not err refusing to permit appellant to testify as to a certain prior inconsistent statement of the victim.) Further, the record on its face reflects the existence of no reversible error of law whatsoever.

Appellant asserts the verdict was without evidence to support it, as there exists in this case "a great insufficiency of evidence to overcome the presumption of innocence." On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). "And, the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) 'is the proper test for (an appellate court to employ) when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.' " *Daras v. State*, 201 Ga. App. 512 (1) (411 SE2d 367). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, supra. Although flight instructions are no longer authorized, the Supreme Court of Georgia nevertheless recognizes "[t]he fact that a suspect flees the scene of a crime points to the question of guilt in a circumstantial manner." *Renner v. State*, 260 Ga. 515, 517 (3 b) (397 SE2d 683). Moreover, the basic facts to which the victim and police

officer testified are recounted above, and the victim's eyewitness testimony provided direct evidence of appellant's guilt. Appellant's contention is without merit.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED APRIL 29, 1992.

*J. Robert Joiner*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Charles W. Smegal, Rebecca A. Keel*, Assistant District Attorneys, for appellee.