A98A0209. IN THE INTEREST OF A. D. C., a child.
(503 SE2d 334)

POPE, Presiding Judge.
The Sumter County Juvenile Court adjudicated A. D. C. delin- quent for committing the offense of criminal attempt to commit armed robbery. During A. D. C.'s delinquency hearing, the State presented evidence, including confessions from both A. D. C. and another juvenile, the material aspects of which were corroborated by testimony from other witnesses, demonstrating that A. D. C. and the

other juvenile had forcibly entered a house, wherein they used a toy gun to demand money from the house's occupants, but fled without obtaining anything. A. D. C. did not put forth any specific defense during the delinquency hearing and did not present any evidence. Accordingly, there was sufficient evidence presented in this case from which any rational trier of fact could have adjudicated A. D. C. delinquent under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Following the adjudication, the juvenile court entered a dispositional order committing A. D. C. to the custody of the Department of Children & Youth·Services. A. D. C. did not appeal from the dispositional order or the adjudication itself on any grounds, but subsequently, he did file a motion with the juvenile court seeking to have it modify or vacate its dispositional order and, pursuant thereto, grant A. D. C. a new delinquency hearing based on purported newly discovered evidence. See OCGA § 15-11-42 (a) (3). After a hearing on the matter, the juvenile court denied A. D. C.'s motion. A. D. C. appeals solely from that denial. Finding no error, we affirm.

In determining whether or not to grant A. D. C.'s motion and afford him a new delinquency hearing, the juvenile court applied the criteria set forth in *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980), wherein the Supreme Court of Georgia held that "[i]t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." (Citations and punctuation omitted.) A. D. C. argues that the juvenile court committed reversible error in doing so because the criteria set forth in *Timberlake* relate only to motions for new trial, which he contends may not properly be entertained by the juvenile courts of this State. We cannot agree.

Contrary to A. D. C.'s assertion, the juvenile courts of this State do have the authority to entertain motions for new trial. *In the Interest of T. A. W.*, 265 Ga. 106, 107 (454 SE2d 134) (1995). While A. D. C.'s motion in this case was designated as a motion to modify or vacate the juvenile court's dispositional order on the ground that new evidence had been discovered, any such motion, which seeks a new delinquency hearing pursuant to OCGA § 15-11-42 (a) (3), in substance amounts to no more than a motion for a new trial or hearing premised on the grounds of newly discovered evidence. Consequently, it was appropriate for the juvenile court in this case to con-

sider, as have other juvenile courts in this State, the requirements set forth in *Timberlake* in reaching a determination as to whether or not A. D. C.'s motion should be granted. *In the Interest of J. F. F.*, 177 Ga. App. 816, 817-819 (1) (341 SE2d 465) (1986); *In re S. Y. H.*, 180 Ga. App. 831 (2) (350 SE2d 778) (1986) (physical precedent only).

Having said this, we note that during the hearing on A. D. C.'s motion to modify or vacate the juvenile court's dispositional order, A. D. C. produced no evidence or affidavits, but instead merely made an offer of proof that some seven unnamed individuals could now provide an alibi for him. He also failed to account for the lack of any alibi witnesses' affidavits. Additionally, while his trial counsel asserted that the purported newly discovered evidence had come to his attention since the delinquency hearing, neither he nor A. D. C. made any showing that the failure to discover that evidence any sooner than some six months after A. D. C.'s delinquency hearing was not owing to a lack of diligence on their part.

In light of the above, it is clear that A. D. C. failed to meet several of the requirements set forth in *Timberlake*. "All six requirements[, however,] must be met to [warrant] a new trial[ or delinquency hearing]." *In the Interest of J. F. F.*, 177 Ga. App. at 817 (1). Therefore, the juvenile court did not err in denying A. D. C.'s motion in this case.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED JUNE 24, 1998.

*Ellis, Easterlin, Peagler, Gatewood & Skipper, William H. Dudley*, for appellant.

*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.