A99A1263. BUTURA v. THE STATE.
(519 SE2d 18)

McMURRAY, Presiding Judge.

Defendant John Ioan Butura, also known as "Ivon" and co-indictee, W. S., age 14 at the time of the offenses, were charged with attempted armed robbery (criminal attempt to commit armed robbery) and also with aggravated assault. Viewed in the light most favorable to support the jury's verdicts, the evidence shows that on June 28, 1996, defendant and his 14-year-old brother-in-law, W. S., entered Dennis' Pawn Shop in LaGrange, Georgia. Jerry Dennis ("the victim"), recalled that W. S. initially "walked in . . . want[ing] to look at some speakers and stereo equipment." W. S. "asked [the victim] about stuff in the jewelry counter," causing the victim to turn in W. S.'s direction. "About that time [the victim] felt somebody mash up against [his] back. . . ." The victim turned and saw defendant standing behind him holding a handgun.

Defendant said: "Don't move," and the victim responded by say-

ing: "Man, you're not going to take everything I've been over here working for." The victim grabbed at defendant's gun, and in the struggle that ensued, the weapon discharged, wounding the victim. Using a gun kept behind the counter, the victim fired four times at defendant and W. S. as they fled the pawn shop. W. S. was wounded in the arm, and went to East Point to get medical treatment. There, both defendant and W. S.'s sister explained the wound to police as having been inflicted by "two guys" from behind. The State introduced defendant's custodial statement, wherein he admitted discussing the instant attempt to commit armed robbery and participating in it. In a subsequent statement and at trial defendant asserted self-defense.

The trial involved defendant Butura only and the jury found him guilty as charged. He appeals from the trial court's denial of his motion for new trial. *Held*:

1. The sole enumeration of error urges the insufficiency of the evidence to support the verdicts.

> "A person commits the offense of aggravated assault when he . . . assaults . . . [w]ith a deadly weapon . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). "The act of intentionally firing a gun at another, in the absence of justification, is sufficient to support a conviction for aggravated assault under this statute. *Steele v. State*, 196 Ga. App. 330, 331 (2) (396 SE2d 4)." *Belins v. State*, 210 Ga. App. 259 (1) (435 SE2d 675). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

*Hawkins v. State*, 230 Ga. App. 627, 630 (3) (497 SE2d 386). In the case sub judice, the victim's testimony identifying defendant as the shooter is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of the offense of aggravated assault as alleged in Count 2 of the indictment. *Hawkins v. State*, supra.

2. The State's evidence, including defendant's statement as corroborated by the victim's testimony, was also sufficient to establish defendant's guilt, beyond a reasonable doubt, of attempted armed robbery (criminal attempt to commit armed robbery) as alleged in Count 1 of the indictment. *Walker v. State*, 193 Ga. App. 446 (388 SE2d 44). See also *In the Interest of A. D. C.*, 233 Ga. App. 73, 74 (503 SE2d 334).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED JUNE 1, 1999 —
RECONSIDERATION DENIED JULY 15, 1999.

*Alfred F. Zachry*, for appellant.
John I. Butura, *pro se.*
*Peter J. Skandalakis*, District Attorney, *Hope F. Smelcer*, Assistant District Attorney, for appellee.